Carra Sahler, OSB 024455
sahler@lclark.edu
Green Energy Institute
Lewis & Clark Law School
10101 S Terwilliger Blvd
Portland, OR, 97219
(503) 768-6634

Michael Burger, *pro hac vice pending*
mburger@law.columbia.edu
Sabin Center for Climate Change
Columbia Law School
435 West 116th Street
New York, NY, 10027-7297
(212) 854-2372
Attorneys for *Amici Curiae*

## UNITED STATES DISTRICT COURT

### DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| RENEWABLE NORTHWEST; ADVANCED POWER ALLIANCE; ALLIANCE FOR CLEAN ENERGY NEW YORK, INC.; CLEAN GRID ALLIANCE; GREEN ENERGY CONSUMERS ALLIANCE; INTERWEST ENERGY ALLIANCE; MAINE RENEWABLE ENERGY ASSOCIATION; RENEW NORTHEAST; and SOUTHERN RENEWABLE ENERGY ASSOCIATION, <br><br> *Plaintiffs,* <br><br> v. <br><br> PETER B. HEGSETH, et al <br><br> *Defendants.* | Case No. 3:26-cv-01092 <br><br><br> MOTION OF CENTER FOR RURAL AFFAIRS, RENEW MISSOURI, CURE, IOWA ENVIRONMENTAL COUNCIL, AND DAKOTA RESOURCE COUNCIL FOR LEAVE TO FILE AN *AMICI CURIAE* BRIEF IN SUPPORT OF THE PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION |

Dated: June 18, 2026.

/s/ Carra Sahler
/s/Michael Burger
Carra Sahler
Michael Burger, *pro hac vice forthcoming*

*Amici curiae,* Center for Rural Affairs, Renew Missouri, CURE, Iowa Environmental Council, and Dakota Resource Council (*amici*), respectfully move for leave to file a brief in support of the plaintiffs' motion for a preliminary injunction challenging federal agency actions (the Anti-Wind Freeze) as "arbitrary and capricious" violations of the Administrative Procedure Act, 5 U.S.C. §§ 500-596; 701-706 (APA). *See* generally Plaintiffs' Br. at 13 – 23. No party will be prejudiced by the *amici*'s brief. Plaintiffs do not oppose the proposed *amici*'s participation. Defendants take no position as to the proposed *amici*'s participation. *See* LR 7-1(a)(2). *Amici* submit this motion within fourteen days after the plaintiffs filed their motion for a preliminary injunction and prior to the defendants' response. *See* LR 7-1. The *amici*'s brief is limited to no more than 35 pages and 11,000 words. See Fed. R. App. P. 29(a)(5) and LR 7-2.

The *amici*'s participation in this action is desirable given the issues at hand. *Amici* are regional and national nonprofit organizations who have an interest in protecting property rights, economic liberty, and the ability of private rural landowners to make productive and efficient use of their land, and who are dedicated to advancing clean energy development in rural communities. *Amici* and their members are directly and adversely affected when federal policies and actions restrict lawful, voluntary land uses and impede the deployment of renewable energy infrastructure, including wind facilities.

This Court has inherent authority to accept *amicus curiae* submissions. Federal district courts "have inherent authority and discretion to appoint amici." *Boston Gas Co. v. Century Indem. Co.*, No. 02-CV-12062, 2006 WL 1738312, at *1 n.1 (D. Mass. June 21, 2006). Amicus briefs can "assist the court in cases of general public interest by making suggestions to the court, by providing supplementary assistance to existing counsel, and by insuring a complete and plenary presentation of difficult issues." *Students for Fair Admissions, Inc. v. President &*

Amici Curiae Motion for Leave to File                    1

*Fellows of Harvard Coll.*, 308 F.R.D. 39, 52 (D. Mass. 2015). District courts, including those within the First Circuit, regularly accept amicus briefs addressing legal issues with implications beyond the immediate parties. *See NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005).

The *amici*'s proposed brief, attached to this motion as Exhibit A, meets these standards. *Amici*'s brief would assist the Court by explaining how federal restrictions on wind energy development affect private landowners and rural communities. *Amici* would provide the Court with additional perspectives on how the challenged Anti-Wind Freeze restrict private land use choices, eliminate income opportunities, and harm rural character. The implications of the federal actions at issue in this litigation extend beyond the immediate parties and bear directly on rural landowners' ability to use their land profitably and in their own best interests.

*Amici* affirm that no counsel for a party authored this brief in whole or in part, and no person other than *amici* or their counsel made any monetary contributions intended to fund the preparation or submission of the brief. Fed. R. App. P. 29(a)(4)(E).

For the forgoing reasons, *amici* respectfully request that the instant motion for leave to file a brief as *amici curiae* in support of the plaintiffs' motion for a preliminary injunction be granted.

Dated: June 18, 2026

Respectfully submitted,

/s/ Carra Sahler
Director and Staff Attorney,
Green Energy Institute
Lewis & Clark Law School
(503) 768-6634 (office)
(971) 213-9480 (cell)
sahler@lclark.edu

/s/ Michael Burger
Michael Burger*
Sabin Center for Climate Change Law,
Columbia Law School
435 West 116th Street
New York, NY 10027
(212) 854-2372
mburger@law.columbia.edu

*Counsel for amici curiae Center for Rural Affairs, Renew Missouri, CURE, IOWA Environmental Council, and Dakota Resource Council*

*Admission pro hac vice forthcoming*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7-1

I, Michael Burger, hereby certify that counsel for *amici curiae* conferred with counsel for the plaintiffs and with counsel for the defendants regarding this motion. Plaintiffs consent to the submission of this motion. Defendants take no position on the submission of this motion.

Dated: June 18, 2026

/s/ Michael Burger
MICHAEL BURGER

**CERTIFICATE OF SERVICE**

I, Carra Sahler, hereby certify that on this 18th day of June, 2026, this document was filed with the Clerk of the Court via the Court's electronic filing system, which will provide electronic mail notice to all counsel of record.

Dated: June 18, 2026

/s/ Carra Sahler          .
CARRA SAHLER

Amici Curiae Motion for Leave to File          5