Jon A. Mueller (*pro hac vice*)
JMueller@law.umaryland.edu
William Piermattei (*pro hac vice*)
WPiermattei@law.umaryland.edu
Environmental Law Clinic
University of Maryland Carey School of Law
500 W. Baltimore St., Baltimore MD 21201
Tel: 410-706-8157

Jesse A. Buss, OSB No. 122919
Willamette Law Group, PC
411 Fifth Street, Oregon City OR 97045-2224
Tel: 503-656-4884, jesse@WLGpnw.com

Thomas C. Buchele, OSB No. 081560
Earthrise Law Center, Lewis & Clark Law School
10101 S. Terwilliger Blvd., Portland OR 97219-7799
Tel: 503-768-6736, tbuchele@lclark.edu

*Attorneys for Proposed Amici*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **RENEWABLE NORTHWEST**, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> **PETER B. HEGSETH**, *et al.* <br><br> Defendants. | Case No. 3:26-cv-01092-IM <br><br> **ENVIRONMENTAL LAW CLINIC PROFESSORS' MOTION FOR LEAVE TO FILE BRIEF AS *AMICI CURIAE*** |

**LR 7-1 Certification**

Counsel for proposed *amici curiae* certify that they conferred in good faith with counsel for all parties on July 24-25, 2026. Plaintiffs do not oppose this motion. Defendants oppose on timeliness grounds.

MOTION FOR LEAVE TO APPEAR AS *AMICI CURIAE*                    1

**Motion**

Proposed *amici curiae*, clinical professors of environmental law,[1] move the Court for an

order permitting them to appear as *amici curiae* to present their position as to the correct rule of

law that does not affect a private interest of their own.

---

[1] The proposed *amici curiae* include the following environmental law clinic professors:

Thomas C. Buchele
Professor of Law, Lewis & Clark Law School
Earthrise Law Center
Portland, Oregon

Deborah A. Sivas
Luke W. Cole Professor of Environmental Law, Stanford Law School
Co-Director, Environmental Law Clinic
Director, Environmental and Natural Resources Law & Policy Program
Stanford, California

Todd D. Ommen
Professor of Law, Elisabeth Haub School of Law
Managing Attorney, Pace Environmental Litigation Clinic, Inc.
White Plains, New York

Kevin Lynch
Professor of Law, University of Denver Sturm College of Law
Environmental Law Clinic
Denver, Colorado

Kim Diana Connolly
Professor of Law, University at Buffalo School of Law
Director, Environmental Advocacy Clinic
Director, Environmental Law Program
State University of New York
Buffalo, New York

Jon A. Mueller, Director
William Piermattei
Environmental Law Clinic
University of Maryland Carey School of Law
Baltimore, Maryland

MOTION FOR LEAVE TO APPEAR AS *AMICI CURIAE*                    2

**Memorandum**

**A.     Legal Standard**

"'*Amicus Curiae*,' also known as 'friend of the court,' is generally defined as a person or entity not named as a party to litigation who volunteers to assist the court by providing input or making suggestions on a currently pending matter." *Mississippi Prods., Inc. v. Cincinnati Ins. Co.*, No. 3:20-cv-01711-AC, 2021 WL 5305864, at *1 (D. Or. Nov. 15, 2021). The classic role of an *amicus curiae* is "assisting in a case of general public interest, supplementing the efforts of counsel [for the parties], and drawing the court's attention to law that escaped consideration." *Miller-Wohl Co., Inc. v. Comm'r of Labor and Indus.*, 694 F.2d 203, 204 (9th Cir. 1982). *Amicus* briefs are "frequently welcome . . . concerning legal issues that have potential ramifications beyond the parties directly involved or if the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *N.G.V. Gaming Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp.2d 1061, 1067 (N.D. Cal. 2005) (internal quotation marks and citation omitted).

The Ninth Circuit has held that trial courts have broad discretion to appoint *amici curiae*. *See Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995).

Neither the Federal Rules of Civil Procedure nor any local rule governs the filing of *amicus* briefs in the trial court, and there is no particular deadline associated with filing them. Instead, "[t]he touchstone is whether the *amicus* is 'helpful[.]'" *Ringside, Inc. v. Cincinnati Ins. Co.*, No. 3:20-cv-01709-AC, 2021 WL 5305836, at *1 (D. Or. Nov. 15, 2021) (quoting *California v. U.S. Dep't of Labor*, No. 2:13-CV-02069-KJM-DAD, 2014 WL 12691095, at *1 (E.D. Cal. Jan. 14, 2014)). "Broad discretion" is the rule in making that determination, no matter

the timing. *See Linthicum v. Wagner*, No. 6:23-cv-01624-AA, 2023 WL 8602152, at *1 (D. Or. Dec. 12, 2023).

**B.    Interest of Proposed *Amici* in this Case**

Through their clinical work representing clients, training students to become lawyers, and their scholarly research, *amici* seek to support effective administrative law principles that affect energy and environmental public policy at the local, state, and national levels. Moreover, properly functioning administrative systems permit the building of wind energy projects which have numerous public benefits, including national security and air quality, and which are vital components of our nation's energy grid that provide affordable, sustainable electricity to meet the nation's energy needs.

*Amici*, by virtue of their professional experience as law professors who litigate cases, are in a unique position to aid this Court's consideration of the issues raised in this case. Those issues include, for example, helping to contextualize the importance of the federal Siting Clearinghouse functioning according to established rules of administrative procedure and the laws and regulations governing wind energy project assessment. As further explained in the proposed *amicus* brief (attached), the Department of Defense has stopped all work on assessing wind energy projects, allegedly based on unarticulated "national security" concerns. Failing to carry out legal and regulatory responsibilities based on unexplained, vague "national security" concerns violates the Administrative Procedure Act (APA) as well as laws and regulations governing the approval of wind energy projects.

But *amici* won't belabor the point, because it is undisputed. Defendants do not contest that *amici* are interested, or that their involvement will be helpful to the Court. Instead,

Defendants' only objection to *amici*'s participation is based on timeliness. As explained below, that objection should be overruled.

**C.    This Motion is Timely**

This Court has broad discretion to allow *amicus* participation for any part—or all—of a case. *See Hoptowit*, 682 F.2d at 1260 ("The district court has broad discretion to appoint *amici curiae*. We may reverse an order appointing *amici* only if the district judge has abused [its] discretion."). And, as noted, there is no rule limiting *when* a trial court may appoint *amici*. Defendants' objection—based solely on the timing of this motion—should therefore be rejected.

Nor is there any good reason for Defendants to be concerned about the timing of this motion. That is, Defendants are not prejudiced by it. This case was filed on May 31, 2026, less than two months ago, so this case is young as an absolute matter. ECF 1. It is also procedurally early in the case; no hearings have been held, and no substantive rulings have been made. No Answer has been filed. And—of critical importance in an APA case like this one—the record has not even been filed. Summary judgment briefing, therefore, cannot begin anytime soon. In sum: it is early in the case, and Defendants will have plenty of opportunities to respond to *amici*'s view of the law if they disagree with it.[2]

Defendants' timeliness objection incorrectly treats *amici*'s motion as limited to the emergency proceedings currently underway. But *amici*'s motion for leave, like their proposed brief, is expansive, and is not limited to the preliminary injunction proceedings. That is, *amici* seek to be helpful to the Court by offering their view of the law *as to this case as a whole*, not only as to the pending emergency motion. For example, *amici*'s proposed brief applies with

---

[2] The upcoming hearing on Plaintiffs' Motion for Preliminary Injunction is one such opportunity.

MOTION FOR LEAVE TO APPEAR AS *AMICI CURIAE*                                          5

equal weight viewed through the lens of Plaintiffs' First Amended Complaint (ECF 65-1) or Defendants' Motion to Dismiss (ECF 90) and the briefs responsive thereto. It could apply, too, to future briefing on the merits, such as summary judgment briefing. There is, therefore, no reason to deny *amici*'s motion as somehow untimely. Rather than being tardy, *amici*'s motion has, in fact, been filed right in the middle of the action. *See Tafas v. Dudas*, 511 F. Supp. 2d 652, 660 (E.D. Va. 2007) ("Rather than frequently turning down *amicus* briefs on timeliness grounds, courts have accepted them as timely even when filed 'on the eve of summary judgment motions.'") (quoting *Community Ass'n for Restoration of the Env't v. DeRuyter Bros. Dairy*, 54 F.Supp.2d 974, 975–976 (E.D.Wash.1999)).

### Conclusion

So long as *amici*'s views may be helpful to the Court, the Court should exercise its broad discretion to grant their motion for leave to appear and file the attached brief.

Respectfully submitted this 29th day of July 2026.

<div style="margin-left:40%">

  */s/ Jesse A. Buss*
Jesse A. Buss, OSB No. 122919
WILLAMETTE LAW GROUP, PC
411 Fifth Street, Oregon City OR 97045-2224
ph: 503-656-4884, fax: 503-608-4100
jesse@WLGpnw.com

Thomas C. Buchele, OSB No. 081560
EARTHRISE LAW CENTER
tbuchele@lclark.edu

Jon A. Mueller (*pro hac vice*)
JMueller@law.umaryland.edu
William Piermattei (*pro hac vice*)
WPiermattei@law.umaryland.edu
Environmental Law Clinic, University of Maryland
Carey School of Law

</div>