**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION**

| | | |
|---|---|---|
| RENEWABLE NORTHWEST, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:26-CV-01092 |
| | § | |
| PETER B. HEGSETH, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**FEDERAL DEFENDANTS' RESPONSE IN OPPOSITION TO PROPOSED
STATE PLAINTIFFS' MOTION TO INTERVENE**

On July 16, 2026, a group of eighteen States and the District of Columbia (collectively, the "Proposed State Plaintiffs") filed a Motion to Intervene as additional plaintiffs in this case. Dkt. No. 92.  Federal Defendants hereby request the Court deny Proposed State Plaintiffs' motion to intervene, either as of right or permissively.

This case is about the Department of War's ("DoW") role in the processing of wind-energy applications filed by private developers, and the issues herein involve interpretation of the jurisdictional limitations of the APA and, if it reaches the merits, the reasonableness of any purported delay in said processing.  A coalition of advocacy organizations and developers (collectively, the "existing Plaintiffs") have already brought suit, and Proposed State Plaintiffs now ask to intervene in order to re-urge "the same legal claims . . . and seek the same relief." Dkt. No. 92 at 9.  But Proposed State Plaintiffs are not entitled to intervene as of right as their stated policy interests do not amount to a significant protectable interest as is required for intervention as of right.  Nor may Proposed State Plaintiffs intervene permissively, as

1

permissive intervention requires them to independently establish jurisdiction, which they cannot do for the same reasons that plague the existing Plaintiffs. The Court should deny Proposed State Plaintiffs' motion to intervene.

## I.    LEGAL STANDARD

### A.    INTERVENTION AS OF RIGHT

An applicant seeking to intervene as of right under Rule 24(a) must satisfy four requirements: "(1) the intervention application is timely; (2) the applicant has a significant protectable interest relating to the property or transaction that is the subject of the action; (3) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the existing parties may not adequately represent the applicant's interest." *Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011). "A putative intervenor has the burden of establishing all four requirements," *Cal. Dep't of Toxic Substances Control v. Jim Dobbas, Inc.*, 54 F.4th 1078, 1086 (9th Cir. 2022), and "[f]ailure to satisfy any one of the requirements is fatal to the application," *Perry v. Proposition 8 Off. Proponents*, 587 F.3d 947, 950 (9th Cir. 2009).

### B.    PERMISSIVE INTERVENTION

As for permissive intervention, under Rule 24(b), "a district court has discretion to permit intervention when the movant presents '(1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action.'" *Callahan v. Brookdale Senior Living Communities, Inc.*, 42 F.4th 1013, 1022 (9th Cir. 2022). If these "initial conditions" are met, the district court may then

"consider other factors in making its discretionary decision on the issue of permissive intervention." *Id.*

## II.    ARGUMENT

### A.    PROPOSED STATE PLAINTIFFS CANNOT INTERVENE AS OF RIGHT

Proposed State Plaintiffs should not be permitted to intervene as of right. Most prominently, State Plaintiffs lack a legally protectable interest in this litigation as required under Rule 24(a)(2). *Citizens for Balanced Use*, 647 F.3d at 897. "[A]t an irreducible minimum[,] Rule 24(a)(2) requires that the asserted interest be 'protectable under some law' and that there exist 'a relationship between the legally protected interest and the claims at issue.'" *California Dep't of Toxic Substances Control*, 54 F.4th at 1088 (quoting *Wilderness Soc. v. U.S. Forest Serv.*, 630 F.3d 1173, 1180 (9th Cir. 2011)). Furthermore, only a "direct" and "non-contingent" interest qualifies as a legally protectable interest. *E.g.*, *S. California Edison Co. v. Lynch*, 307 F.3d 794, 803 (9th Cir. 2006); *see also Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001) (requiring "direct" and "immediate" effects to find an intervening third party holds a significantly protectable interest).

Proposed State Plaintiffs fail to meet these requirements here, as their interests do not rise to the level of "legally protectable." The States' interests include their own benchmark future goals as to renewable energy usage, the economic benefits of wind development, and health and environmental concerns. *See* Dkt. No. 92-1 ¶ 98. Case law illustrates why these interests are not sufficient. In *Portland Audubon Society v. Hodel*, 866 F.2d 302 (9th Cir. 1989), the Ninth Circuit considered—and rejected—intervention as of right for the timber industry in a challenge brought by the Audubon Society seeking to enjoin all timber sales pending

preparation of an environmental impact statement.  As the Ninth Circuit explained in *Sierra Club v. U.S. E.P.A.*, the loggers' interest in *Portland Audubon* was rooted in "expectation, not anything in the nature of real or personal property, contracts, or permits."  995 F.2d 1478, 1482 (9th Cir. 1993); *see Berg*, 268 F.3d at 819 ("*Sierra Club* reasoned that the loggers in *Portland Audubon* lacked a legally protectable interest because they did not have any existing legal right, contract or permits relating to the future timber sales that the Audubon Society sought to enjoin.").  Conversely, intervention as of right was permitted in *Sierra Club* where the City of Phoenix, which had sought to intervene, owned the property that was "the subject of the action" and had already acquired the applicable permits.  995 F.2d at 1482.  In light of the City's "ownership of real property and its status as [a] permittee," the Ninth Circuit found the City's interests "among those traditionally protected by law."  *Id.*

While the courts' assessment of a legally protected interest "is a practical" inquiry, *Citizens for Balanced Use*, 647 F.3d at 897, concrete parameters are discernable.  On the one hand, "direct" and "non-contingent" interests are legally protectable.  *Lynch*, 307 F.3d at 803; *see also Berg*, 268 F.3d at 818.  On the other, where the interests are rooted in expectation and not any direct harm, those interests are not legally protectable.  Proposed State Plaintiffs' proffered cases—none of which are controlling—only affirm this contrast.  In *Oregon v. Noem*, the intervenors were environmental organizations whose members were alleged to suffer direct damages from a proposed construction.  No. 6:25-CV-02396-AA, 2026 WL 1078199, at *2 (D. Or. Apr. 21, 2026).  Next, *Lighthiser v. Trump* is disanalogous as the intervenor state there sought to do so as a *defendant*, and in any event, the challenged actions there directly "alter[ed] energy efficiency standards," "provide[d] exemptions to 68 power plants," and

4

"grant[ed] new oil and gas leases."  No. CV 25-54-BU-DLC, 2025 WL 2336435, at *4 (D. Mont. Aug. 13, 2025).  And finally, *W. Energy All. v. Zinke*, 877 F.3d 1157 (10th Cir. 2017), is an out-of-circuit case which involved a *defendant* seeking to intervene, and the court found an intervening conservation group held a legally protected interest as the challenge, if successful, would have directly led to adoption of a revised lease sale schedule increasing oil and gas drilling.  *See id.* at 1163.  In each of these cases, the interest was not rooted in "expectation," nor intermediary steps, and the effect on those interests were at least arguably direct and therefore "legally protectable."  *Berg*, 268 F.3d at 818.

Here, DoW has done nothing to affect Proposed State Plaintiffs' interests in any direct way; indeed, the Clearinghouse plays a confined role in a broader FAA process.  *See* 49 U.S.C. § 44718; 10 U.S.C. § 183a.  Within that process, DoW's recommendation to the FAA is merely advisory, not binding.  *See* 49 U.S.C. § 44718(b)(3) (making clear the FAA's hazard determination is "independent of" DoW's national security risk recommendation).  And even the FAA's ultimate determination carries no legal significance.  *See Backcountry Against Dumps v. Fed. Aviation Admin.*, 77 F.4th 1260, 1265 (9th Cir. 2023); *Aircraft Owners & Pilots Ass'n v. Fed. Aviation Admin.*, 600 F.2d 965, 966–67 (D.C. Cir. 1979).  Proposed State Plaintiffs have not disputed, nor could they, that DoW may conclude that a particular project *does* present an unreasonable risk of national security; that FAA, regardless of DoW's recommendation, could reach the opposite conclusion; that the viability of any proposed project is not legally contingent on the FAA determination; or that any proposed project, even if it obtained a Determination of No Hazard, may for any number of reasons not be seen through to completion as planned.  Beyond all these contingencies, any effects to Proposed State

Plaintiffs' purported interests are in any event anticipated indirect effects, multiple steps removed.

Proposed State Plaintiffs put forth interests impermissibly rooted in "expectation," such as was the case in *Portland Audubon.* 866 F.2d 302; *see also Berg*, 268 F.3d at 219 (explaining that interests based on a bare expectation are "not cognizable for intervention"). For example, when the States allege that the delay in processing causes harm by impairing "their own financial interests," that entire premise is based on the *expectation* that the proposed projects will make it through the FAA process, the *expectation* that those projects will be built to completion, and the *expectation* that those projects will have the downstream effects that Proposed State Plaintiffs hope or anticipate. This same issue of expectation applies to every single one of the States' proffered interests, which do not impact "any existing legal right" held by the States, whether it be by way of "contract or permits" or otherwise. *Berg*, 268 F.3d at 819.

In sum, there is nothing "direct" about Proposed State Intervenors' interests and the claims at issue involving the Clearinghouse review within the FAA process, such that those interests arise to the level of legally protectable. Failure to satisfy this requirement "is fatal to the application," and Proposed State Intervenors should therefore be denied intervention as of right.[1] *Perry*, 587 F.3d at 950.

---

[1] Because Proposed State Plaintiffs have no legally protectable interest for the purposes of Rule 24(a) intervention, it similarly cannot demonstrate the third requirement for intervention as of right, that disposition of this action will "impair or impede [its] ability to protect its interest." *Citizens for Balanced Use*, 647 F.3d at 897.

### B.    PROPOSED STATE PLAINTIFFS SHOULD NOT BE PERMITTED TO INTERVENE PERMISSIVELY UNDER RULE 24(B)

Courts assessing motions to intervene under Rule 24(b) engage in a two-step inquiry. First, the applicant must show each of the following: "(1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common." *Perry*, 587 F.3d at 955. Second, even when a putative intervenor meets these elements, a district court *may* "exercise . . . its discretion" to permit intervention." *Id.* The court must separately "consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights," and whether to permit intervention under Rule 24(b) "is committed to the broad discretion of the district court[.]" *Orange Cnty. v. Air Cal.*, 799 F.2d 535, 539 (9th Cir. 1986).

On the threshold elements, permissive intervention should be denied as Proposed State Plaintiffs have not shown  independent grounds for jurisdiction. Again, Proposed State Plaintiffs "allege the same legal claims as those alleged by [the existing] Plaintiffs[]." Dkt. No. 92 at 9. As already set forth at length, the claims brought by the existing Plaintiffs fail to satisfy the jurisdictional requirements of the APA. *See* Dkt. Nos. 90, 97. If the Court finds, as it should, that the existing Plaintiffs' claims must be dismissed for lack of subject-matter jurisdiction, that is the end of the matter, as Proposed State Plaintiffs' very same claims would necessarily sink alongside the existing Plaintiffs—not only as a matter of permissive intervention, but also jurisdiction.[2] Further, as explained in our motion to dismiss and reply

---

[2] Given that the permissive intervention analysis for Proposed State Plaintiffs is conclusively resolved if the Court finds against jurisdiction as to the existing Plaintiffs, the Court should first rule on the pending Motion to Dismiss for Lack of Subject-Matter Jurisdiction, Dkt. No. 90.

7

in support thereof, the court only has jurisdiction to entertain claims under Section 706(1) from the project developers with pending applications. *See* Dkt. Nos. 90, 97. Therefore, permissive intervention should only be allowed, if at all, on the Section 706(2) claim.

Even if this Court did find an independent basis for jurisdiction, the Court should decline to grant permissive intervention. While they "do not ask the Court to change" any deadlines, it remains that if Proposed State Plaintiffs were permitted to intervene, Federal Defendants would be prejudiced in having to separately address their arguments, including at every stage in litigation, despite that Proposed State Plaintiffs bring the very same claims as the existing Plaintiffs.

### C.    INTERVENTION SHOULD BE LIMITED

If the Court grants the States permissive intervention, or intervention as of right, it should condition that intervention in a manner to facilitate efficient litigation and not overburden Federal Defendants (or the Court) with excessive briefing. On permissive intervention, a court may impose reasonable conditions on such intervention. *Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370, 378 (1987) (rejecting a challenge to the district court's placement of conditions on permissive intervention); *see, e.g., Buffin v. City & Cnty. of San Francisco*, No. 15-CV-04959-YGR, 2017 WL 889543, at *4 (N.D. Cal. Mar. 6, 2017) (attaching conditions on intervention "consistent with [*Stringfellow*]"); *San Francisco Baykeeper v. U.S. Bureau of Reclamation*, No. 2:26-CV-0671 JLT EPG, 2026 WL 1907202, at *2 (E.D. Cal. July 2, 2026) (doing the same). Limitations may also be placed on intervention as of right. *See Stringfellow*, 480 U.S. at 382–83 (Brennan, J., concurring in part) (explaining that while a district court has less discretion to limit the participation of an intervenor as of right than a permissive

intervenor, limitations may be placed on both); *Bitterroot Ridge Runners Snowmobile Club v. United States Forest Serv.*, No. CV 16-158-M-DLC, 2017 WL 11612499, at \*2 (D. Mont. May 9, 2017) (imposing conditions on intervenors as of right).

Here, the Court should require: (1) the States coordinate with the existing Plaintiffs so as not to duplicate arguments; (2) any motions for summary judgment from the Plaintiffs be limited to 15,000 words allocated between the existing Plaintiffs and the States as they deem appropriate; and (3) Federal Defendants be permitted 15,000 words in their responsive brief.

## III.    CONCLUSION

For the foregoing reasons, the Court should deny Proposed State Plaintiffs' motion to intervene.

Dated: July 30, 2026                          Respectfully submitted,

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General

*/s/ Shawn D. Ren*
Shawn D. Ren, Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
999 18th St., N Terrace, Suite 600
Denver, CO 80202
Tel: (202) 598-3141
Fax: (303) 844-1350
E-mail: shawn.ren2@usdoj.gov

*Attorney for Federal Defendants*