DAN RAYFIELD
Attorney General
COBY HOWELL #253434
Senior Assistant Attorney General
PATRICK T. JOHNSON #260534
Assistant Attorney General
Oregon Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email: Coby.Howell@doj.oregon.gov
        Patrick.T.Johnson@doj.oregon.gov

*Attorneys for Intervenor-Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
### PORTLAND DIVISION

| | |
|---|---|
| RENEWABLE NORTHWEST; ADVANCED POWER ALLIANCE; ALLIANCE FOR CLEAN ENERGY NEW YORK, INC.; CLEAN GRID ALLIANCE; INTERWEST ENERGY ALLIANCE; MAINE RENEWABLE ENERGY ASSOCIATION; RENEW NORTHEAST; SOUTHERN RENEWABLE ENERGY ASSOCIATION; GREEN ENERGY CONSUMERS ALLIANCE; LAS CRESTAS WIND ENERGY, LLC; APEX CLEAN ENERGY HOLDINGS, LLC; NOVA CLEAN ENERGY, LLC; NORTH HILLS WIND PROJECT, LLC; PRAIRE PHOENIX WIND PROJECT, LLC; DEUEL HARVEST WIND ENERGY SOUTH LLC; LAZBUDDIE WIND ENERGY II LLC; THRESHER WIND LLC; TOWNER WIND ENERGY II LLC; TRITON WIND ENERGY LLC; WHITETAIL WIND, LLC; MEADOW LAKE II WINDFARM, LLC; BLACKSTONE WIND FARM II, LLC; BIG RIVERWIND, LLC; HORSE THIEF WIND PROJECT, LLC; CRIDER VALLEY WIND ENERGY LLC; CANISTEO WIND ENERGY LLC; HAMMERHEAD WIND ENERGY LLC; RAMBLE WIND ENERGY LLC; and BLUE | Case No. 3:26-cv-01092-IM<br><br><br>**REPLY IN SUPPORT OF MOTION TO INTERVENE BY STATES OF OREGON, ILLINOIS, NEW YORK, ARIZONA, CALIFORNIA, COLORADO, CONNECTICUT, DELAWARE, MAINE, MARYLAND, COMMONWEALTH OF MASSACHUSETTS, MICHIGAN, MINNESOTA, NEVADA, NEW JERSEY, NEW MEXICO, RHODE ISLAND, WASHINGTON, and the DISTRICT OF COLUMBIA** |

CANYON WINDPOWER V, LLC,

        Plaintiffs,

STATES OF OREGON, ILLINOIS, NEW YORK, ARIZONA, CALIFORNIA, COLORADO, CONNECTICUT, DELAWARE, MAINE, MARYLAND, COMMONWEALTH OF MASSACHUSETTS, MICHIGAN, MINNESOTA, NEVADA, NEW JERSEY, NEW MEXICO, RHODE ISLAND, WASHINGTON, and the DISTRICT OF COLUMBIA,

        Intervenor-Plaintiffs,

    v.

PETER B. HEGSETH., in his official capacity as Secretary of Defense; DALE R. MARKS, in his official capacity as Assistant Secretary of Defense for Energy, Installations, and Environment; U.S. DEPARTMENT OF DEFENSE; DEPARTMENT OF THE AIR FORCE; DEPARTMENT OF THE ARMY; DEPARTMENT OF THE NAVY; and DEPARTMENT OF DEFENSE MILITARY AVIATION AND INSTALLATION ASSURANCE SITING CLEARINGHOUSE,

        Defendants.

**<u>REPLY IN SUPPORT OF INTERVENTION</u>**

## I.     INTRODUCTION

Clean and reliable energy development is emphatically a State interest. The Department of Defense's ("DoD") decision to freeze the congressionally mandated review process for developing new land-based wind projects—a process that expressly includes a role for State governors—frustrates that and other state interests. The States seek to intervene in this proceeding to defend these interests.

DoD Defendants[1] ask the Court to deny the States' motion to intervene on the basis that (a) the States lack a "legally protectable interest" in this lawsuit and (b) the Court lacks subject matter jurisdiction for the same reasons stated in their motion to dismiss. Neither the law nor the facts support these arguments, and, indeed, the Court has denied the motion to dismiss. The States have met their burden to intervene, and the Court should grant the States' motion.

## II.     ARGUMENT

The States have met their burden to intervene as of right pursuant to Rule 24(a), including by demonstrating a legally protectable interest. In the alternative, the States should be permitted to intervene pursuant to Rule 24(b), as the States also meet the requirements for permissive intervention. Finally, the Court should reject DoD Defendants' premature request to set page limits for summary judgment briefing and to otherwise restrict the States' participation in this matter, as those issues are more appropriately resolved at a scheduling conference.

---

[1] Unless otherwise stated, the definition of each capitalized term is the same as in the States' Motion to Intervene filed on July 16, 2026, Dkt. No. 92.

**REPLY IN SUPPORT OF MOTION TO INTERVENE**

### A.  The States Have a Legally Protectable Interest and Should Be Allowed to Intervene as of Right.

The States meet all the requirements to intervene as of right under Rule 24(a)(2) and therefore should be allowed to intervene as plaintiffs in this action. *See Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011) (en banc). DoD Defendants do not dispute that the States' motion to intervene as of right was timely. *See* Defs.' Opp. (Dkt. No. 115); States' Mot. at 19-20 (Dkt. No. 92).[2] DoD Defendants also do not dispute that the States' interests are not adequately represented by regional trade associations and wind developers ("Energy Plaintiffs") or any other existing parties. *See* Defs.' Opp.; States' Mot. at 22-24. DoD Defendants only challenge whether the States have a legally protectable interest in the subject of this lawsuit. Defs.' Opp. at 3–6.

As the States' opening brief explains in detail, the States have such an interest: the States have legally protectable energy, economic, environmental, and sovereign interests that the DoD Wind Freeze impedes. *See, e.g.*, States' Mot. at 12–17, 20–22; States' Compl. ¶¶ 8–9, 14–32, 95-132 (Dkt. No. 92-1). For example, the States' sovereign interest in complying with their statutory renewable energy requirements is a legally protectable interest that is at stake in this lawsuit challenging DoD Defendants' decision to halt review of all land-based wind projects. Indeed, in recognition of these unique interests, federal law affords the States special consideration in the review of wind energy projects, requiring DoD to provide notice to the governor of the State where projects are located and to request and consider comments from State governors. 10 U.S.C. § 183a(c)(3). Congress preserved this important role for the States to exercise their authority over electricity generation and protect their sovereign interests.

---

[2] Page references for documents filed with the Court refer to the ECF-stamped page numbers.

**REPLY IN SUPPORT OF MOTION TO INTERVENE**

Moreover, "[t]he 'interest' test is not a clear-cut or bright-line rule, because no specific legal or equitable interest need be established." *In re Est. of Ferdinand E. Marcos Hum. Rts. Litig.*, 536 F.3d 980, 984 (9th Cir. 2008)(citation omitted); *accord Murphy Co. v. Trump*, No. 17-cv-00285, 2017 WL 979097, at *2–3 (D. Or. Mar. 14, 2017). Rather, "the 'interest' test directs courts to make a practical, threshold inquiry, and is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *Marcos Hum. Rts. Litig.*, 536 F.3d at 984–85 (citation omitted).

Courts thus have liberally found protectable interests based on energy, economic, environmental, and sovereign interests similar to those articulated by the States. *See* States' Mot. at 20-22; *see also Washington v. U.S. Dep't of Transp.*, No. 2:25-cv-00848, 2025 WL 3023041, at *9 (W.D. Wash. Oct. 29, 2025) (finding that public interest environmental organizations had a significant legally protectable interest in the development of a nationwide electric vehicle network and that defendants' argument that they lacked "statutory rights" was a "red herring"); *W. Watersheds Project v. U.S. Dep't of Interior*, No. 15-cv-00047, 2015 WL 5304113, at *3 (D. Idaho Sept. 10, 2015) (finding a protectable interest when outcome of case could force prospective intervenors to seek new resources to fulfill needs).[3]

---

[3] Courts have also found standing based on similar interests and allegations of injury. *See, e.g.*, *New York v. Trump*, 811 F. Supp. 3d 215, 228–29 (D. Mass. 2025) (finding that States demonstrated standing to challenge pause on federal permitting for onshore and offshore wind projects by "demonstrating that they face ongoing or imminent injuries" from the pause, including injuries related to greenhouse gas emissions, renewable energy procurement and pollution-reduction targets, energy costs, and investments in wind energy development); *Belmont Mun. Light Dep't v. FERC*, 38 F.4th 173, 185 (D.C. Cir. 2022) (finding that states suffered injury from increased electricity costs due to interest "in protecting their citizens and electric ratepayers in the traditional government field of utility regulation"); *Maine v. Taylor*, 477 U.S. 131, 137 (1986) (recognizing that "a State clearly has a legitimate interest in the continued enforceability of its own statutes" (citations omitted)). While these standing cases are illustrative of the States' protectable interests, the States do not need to establish Article III standing for intervention when they seek the same relief as Energy Plaintiffs. *See* States' Mot. at 18 n.9.

**REPLY IN SUPPORT OF MOTION TO INTERVENE**

DoD Defendants broadly assert that these State interests are not legally protectable because they are not "direct" or "non-contingent." Defs.' Opp. at 3 (citing *Southern California Edison Co. v. Lynch,* 307 F.3d 794, 803 (9th Cir. 2006)). Not so. Here, the States seek to intervene to protect interests based on claims that are at the heart of the litigation and that *will be resolved by the Court*. Indeed, a "party has a sufficient interest for intervention purposes if it will suffer a practical impairment of its interests as a result of the pending litigation." *City of Emeryville v. Robinson*, 621 F.3d 1251, 1259 (9th Cir. 2010) (quoting *California ex rel. Lockyer v. United States*, 450 F.3d 436, 441 (9th Cir. 2006); *cf. id.* ("'Although the intervenor cannot rely on an interest that is wholly remote and speculative, the intervention may be based on an interest that is contingent upon the outcome of the litigation.'" (quoting *United States v. Union Elec. Co.*, 64 F.3d 1152, 1162) (8th Cir. 1995)).

DoD Defendants fail to demonstrate that the States' interests are not legally protectable under *Lynch* or the other cases that they cite. In *Lynch,* wholesale generators of electricity moved to intervene in a case that a utility brought against the California Public Utilities Commission, claiming that the utility company owed them money that it was allegedly unable to pay as a result of the Commission's action. Their motion to intervene was denied because, unlike here, it was based on a "contingent, unsecured claim against a third-party debtor," and "*the pending litigation would not resolve those claims*." *Lynch,* 307 F.3d at 803 (emphasis added).

DoD Defendants also cite *Southwest Center for Biological Diversity v. Berg*, 268 F.3d 810 (9th Cir. 2001), but the Ninth Circuit found there that one of the proposed intervenors had a "substantial interest *as a third-party beneficiary* of the assurances and approval process" set out in the agreement at issue and allowed intervention. *Id.* at 820 (emphasis added). Similarly, the States here rely on a robust wind industry and a functional federal review process, the latter of which is currently halted by DoD's Wind Freeze, to meet their interests, including their obligation to

**REPLY IN SUPPORT OF MOTION TO INTERVENE**

implement their renewable energy laws and standards. *See, e.g.*, States' Compl. ¶¶ 64–132. DoD Defendants' remaining citations likewise do not help them. Both *Portland Audubon Society v. Hodel,* 866 F.2d 302 (9th Cir. 1989) and *Sierra Club v. U.S. E.P.A.*, 995 F.2d 1478 (9th Cir. 1993), have been overruled or otherwise abrogated by *Wilderness Society v. U.S. Forest Service* and have no bearing on this matter. *See* 630 F.3d at 1179 (holding that the Federal Defendant rule at issue in those cases was "at odds with the normal standards" governing intervention as of right and with the Circuit's "liberal policy in favor of intervention").

In sum, the States have demonstrated a significant protectable interest, and the Court should grant intervention as of right.

### B.  Alternatively, the States Should Be Permitted to Intervene.

If the Court does not find that the States meet the requirements for intervention as of right, it should exercise its discretion to permit intervention under Rule 24(b). DoD Defendants do not dispute that the States' motion to intervene is timely or that the States' claims share common questions of law or fact with the main action. *See* Defs.' Opp. at 7–8; Fed. R. Civ. P. 24(b)(1)(B). DoD Defendants focus instead on whether Energy Plaintiffs—and by implication, the States—can establish subject matter jurisdiction (Defs.' Opp. at 7–8). This Court has now rejected the claim that Energy Plaintiffs lack subject matter jurisdiction in denying DoD Defendants' motion to dismiss. *See* Opinion and Order Denying Mot. Dismiss and Granting Mot. Prelim. Inj. at 12-22, 35 (Dkt. No. 125). Thus, DoD Defendants' subject matter jurisdiction argument also fails here.

Moreover, and importantly, the States do not need to show independent grounds for jurisdiction when they are seeking the same relief as Energy Plaintiffs for intervention purposes. *Washington*, 2025 WL 3023041, at *11 ("[T]he independent jurisdictional grounds requirement does not apply to proposed intervenors in federal-question cases when the proposed intervenor is not raising new claims." (citing *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836,

**REPLY IN SUPPORT OF MOTION TO INTERVENE**

844 (9th Cir. 2011))). Indeed, the cases that DoD Defendants cite regarding permissive intervention confirm that the States do not need to show independent grounds. *Buffin v. City and County of San Francisco*, No. 15-cv-04959, 2017 WL 889543, at *3–4 (N.D. Cal. Mar. 6, 2017) (finding jurisdictional requirement satisfied where intervenor-defendants were not raising new claims in a federal-question case); *San Francisco Baykeeper v. U.S. Bureau of Reclamation*, No. 2:26-cv-0671, 2026 WL 1907202, at *3 (E.D. Cal. July 2, 2026) (the independent ground for jurisdiction element "drops away" when intervenors do not intend to bring independent claims).

Finally, DoD Defendants will not be prejudiced by the States' intervention. DoD Defendants' only claim of prejudice is that they would need to "separately address [the States and Energy Plaintiffs'] arguments, including at every stage in litigation, despite that [the States] bring the very same claims as the [Energy Plaintiffs]." Defs.' Opp. at 8. Responding to arguments raised by other parties is the essence of litigation, and DoD Defendants cite no caselaw that would support a finding of prejudice on that ground. It is common for intervening parties to bring the same claims. In fact, allowing the States to intervene rather than file their own lawsuit would serve judicial economy by avoiding overlapping litigation in "a separate lawsuit concerning the same program and government action," where DoD Defendants would also have to respond to the States' arguments "at every stage." *Washington*, 2025 WL 3023041, at *12 (agreeing with proposed intervenors that allowing intervention "ensures that the Court has before it the full range of legal arguments and stakeholder perspectives necessary to resolve the case fairly and efficiently").

### C. The Time to Address Any Potential Limitations on Intervention Is During a Scheduling Conference.

The States share DoD Defendants' interest in efficiency, judicial economy, and avoiding duplicative arguments, but it is premature at this stage to negotiate any proposed briefing conditions, particularly those that would impact all parties. The appropriate time to address these

**REPLY IN SUPPORT OF MOTION TO INTERVENE**

issues and to negotiate any limitations, conditions or stipulations is during a scheduling conference, such as a Rule 26(f) conference, involving all parties. The States are willing to work with all the parties on these issues. However, if the Court is inclined to consider conditions, they should not be so restrictive as to impair the States' ability to advocate fairly for their unique interests. *See Oregon v. Noem*, Nos. 6:26-cv-00186 & 6:26-cv-02396, 2026 WL 1078199, at \*3 (D. Or. Apr. 21, 2026) (declining to impose restrictive conditions, including restrictive page limitations, on intervenors).

### III.    CONCLUSION

For the foregoing reasons, the States should be allowed to intervene as of right, or alternatively, the Court should permit them to intervene as plaintiffs in this action.

Dated: August 13, 2026                                    Respectfully submitted,

**DAN RAYFIELD**
Attorney General of Oregon

By:  */s/ Coby Howell*
COBY HOWELL #253434
*Senior Assistant Attorney General*
PATRICK T. JOHNSON #260534
*Assistant Attorney General*
100 SW Market Street
Portland, OR 97201
Tel (971) 673-1880
Fax (971) 673-5000
Coby.Howell@doj.oregon.gov
Patrick.T.Johnson@doj.oregon.gov

*Counsel for the State of Oregon*

**REPLY IN SUPPORT OF MOTION TO INTERVENE**

**KWAME RAOUL**
Attorney General of Illinois

By: */s/ Joanna Brinkman*
CARA HENDRICKSON
*Executive Deputy Attorney General*
JOANNA BRINKMAN
*Complex Litigation Counsel*
CAITLIN KELLY
MOLLY MAUCK
ALICE RIECHERS
*Assistant Attorneys General*
Office of the Illinois Attorney General
115 South LaSalle Street
Chicago, Illinois 60603
(312) 814-3000
Cara.Hendrickson@ilag.gov
Joanna.Brinkman@ilag.gov
Caitlin.Kelly@ilag.gov
Molly.Mauck@ilag.gov
Alice Riechers@ilag.gov

*Counsel for the State of Illinois*

**KRISTIN K. MAYES**
Attorney General of Arizona

By: */s/ Mary M. Curtin*
MARY M. CURTIN (SBN 031973)
*Senior Litigation Counsel*
ANDY McCOY (SBN 039783)
*Assistant Attorney General*
Office of the Arizona Attorney General
2005 N. Central Ave.
Phoenix, Arizona 85004
(602) 542-3333
Mary.Curtin@azag.gov
Andy.McCoy@azag.gov
ACL@azag.gov

*Counsel for the State of Arizona*

**LETITIA JAMES**
Attorney General of New York

By: */s/ Matthew Eisenson*
MONICA WAGNER
*Deputy Bureau Chief*
MATTHEW EISENSON
*Assistant Attorney General*
LIBBY DIMENSTEIN
*Special Assistant Attorney General*
Environmental Protection Bureau
28 Liberty Street
New York, NY 10005
(212) 416-6351
Monica.Wagner@ag.ny.gov

*Counsel for the State of New York*

**ROB BONTA**
Attorney General of California

VANESSA C. MORRISON
Supervising Deputy Attorney General

By: */s/ Rafael J. Hurtado*
RAFAEL J. HURTADO
BRIAN CALAVAN
*Deputy Attorneys General*
600 West Broadway, Suite 1800
San Diego, CA 92101
Tel: (619) 321-5780
Fax: (916) 732-7920
Rafael.Hurtado@doj.ca.gov

*Counsel for the State of California*

**REPLY IN SUPPORT OF MOTION TO INTERVENE**

**PHILIP J. WEISER**
Attorney General of Colorado

By: */s/ Carrie Noteboom*
CARRIE NOTEBOOM (Colo. #52910)
*Assistant Deputy Attorney General*
JESSICA L. LOWREY (Colo. #45158)
*First Assistant Attorney General*
Ralph L. Carr Judicial Center
1300 Broadway, 10th Floor
Denver, CO 80203
(720) 508-6000
Carrie.Noteboom@coag.gov
Jessica.Lowrey@coag.gov

*Counsel for the State of Colorado*

**KATHLEEN JENNINGS**
Attorney General of Delaware

By: /s/ *Vanessa L. Kassab*
IAN R. LISTON
*Director of Impact Litigation*
RALPH K. DURSTEIN III
VANESSA L. KASSAB
*Deputy Attorneys General*
ROBIN L. JACOBS
*Assistant Attorney General*
Delaware Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 683-8899
vanessa.kassab@delaware.gov

*Counsel for the State of Delaware*

**WILLIAM TONG**
Attorney General of Connecticut

By: */s/ Jill Lacedonia*
Jill Lacedonia
*Assistant Attorney General*
Office of the Connecticut Attorney General
165 Capitol Avenue
Hartford, CT 06106
Jill.Lacedonia@ct.gov
860-808-5250

*Counsel for the State of Connecticut*

**AARON M. FREY**
Attorney General of Maine

By: */s/ Caleb Elwell*
CALEB E. ELWELL
*Assistant Attorney General*
Office of the Maine Attorney General
6 State House Station
Augusta, Maine 04333
(207) 626-8545
Caleb.Elwell@Maine.gov

*Counsel for the State of Maine*

**REPLY IN SUPPORT OF MOTION TO INTERVENE**

**ANTHONY G. BROWN**
Attorney General of Maryland

By: */s/ Steven J. Goldstein*
Steven J. Goldstein
Assistant Attorney General
200 Saint Paul Place, 20ᵗʰ Floor
Baltimore, Maryland 21202
410-576-6414
sgoldstein@oag.maryland.gov

*Counsel for the State of Maryland*


**DANA NESSEL**
Attorney General of Michigan

By: */s/ Lucas Wollenzien*
Lucas Wollenzien
Michael Moody
Neil Giovanatti
*Assistant Attorneys General*
Michigan Department of Attorney General
P.O. Box 30755
Lansing, MI 48909
(517) 335-7627
WollenzienL@michigan.gov
Moodym2@michigan.gov
GiovanattiN@michigan.gov

*Counsel for the State of Michigan*

**ANDREA JOY CAMPBELL**
Attorney General of Massachusetts

By: /s/ *Turner Smith*
Turner Smith
*Deputy Chief & Assistant Attorney General*
Nathaniel Haviland-Markowitz
*Assistant Attorney General*
Jon Whitney
*Special Assistant Attorney General*
Energy and Environment Bureau
Office of the Attorney General
One Ashburton Place
Boston, MA 02108
(617) 727-2200
Turner.Smith@mass.gov

*Counsel for the Commonwealth of Massachusetts*


**KEITH ELLISON**
Attorney General of Minnesota

By: */s/ Cat Rios-Keating*
Cat Rios-Keating
*Special Assistant Attorney General*
Office of the Minnesota Attorney General
445 Minnesota St., Suite 600
St. Paul, MN 55101
651-300-7302
Catherine.Rios-Keating@ag.state.mn.us

*Counsel for the State of Minnesota*


**REPLY IN SUPPORT OF MOTION TO INTERVENE**

**AARON D. FORD**
Attorney General of Nevada

By: */s/ K. Brunetti Ireland*
K. Brunetti Ireland
*Chief of Special Litigation*
Office of the Nevada Attorney General
1 State of Nevada Way, Ste. 100
Las Vegas, NV 89119
kireland@ag.nv.gov

*Counsel for the State of Nevada*


**RAÚL TORREZ**
Attorney General of New Mexico

By: */s/ Thomas Silva*
Thomas Silva
*Assistant Attorney General*
201 Third St. NW Suite 300
Albuquerque, New Mexico 87102
Tel. (505) 681-4894
TSilva@nmdoj.gov

*Counsel for the State of New Mexico*


**NICHOLAS W. BROWN**
Attorney General of Washington

By: */s/ Yuriy Korol*
YURIY KOROL
*Assistant Attorney General*
Washington Attorney General's Office
Environmental Protection Division
800 5th Ave Ste. 2000 TB-14
Seattle, WA 98104-3188
(206) 717-0096
Yuriy.Korol@atg.wa.gov

*Counsel for the State of Washington*


**JENNIFER DAVENPORT**
Attorney General of New Jersey

By: */s/ Rachel Manning*
JESSICA PALMER
*Assistant Attorney General*
RACHEL MANNING
*Deputy Attorney General*
New Jersey Division of Law
25 Market Street, P.O.
Box 093
Trenton, NJ 08625-0093
609-376-2740
Jessica.Palmer@law.njoag.gov
Rachel.Manning@law.njoag.gov

*Counsel for the State of New Jersey*


**PETER F. NERONHA**
Attorney General of Rhode Island

By: /s/ Rachel Rebello
RACHEL REBELLO
*Special Assistant Attorney General*
Rhode Island Office of the Attorney General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400 ext. 2063
rrebello@riag.ri.gov

*Counsel for the State of Rhode Island*


**BRIAN L. SCHWALB**
Attorney General for the District of
Columbia

*/s/ Lauren Cullum*
LAUREN CULLUM
*Special Assistant Attorney General*
Office of the Attorney General
for the District of Columbia
400 6th Street, N.W., 10th Floor
Washington, D.C. 20001
lauren.cullum@dc.gov

*Counsel for the District of Columbia*


**REPLY IN SUPPORT OF MOTION TO INTERVENE**