**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF OREGON**
**PORTLAND DIVISION**

| | | |
|---|---|---|
| RENEWABLE NORTHWEST, *et al.*, | § | |
| Plaintiffs, | § | |
| v. | § | Civil Action No. 3:26-CV-01092 |
| PETER B. HEGSETH, *et al.*, | § | |
| Defendants. | § | |

**FEDERAL DEFENDANTS' ANSWER TO NON-STATE PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Defendants Peter B. Hegseth, Dale R. Marks, U.S. Department of Defense, and Department of Defense Military Aviation and Installation Assurance Siting Clearinghouse (hereinafter, "Federal Defendants"), through counsel, hereby respond to the operative complaint filed in case number 3:26-CV-01092, Dkt. No. 36. The numbered paragraphs below correspond to the numbered paragraphs in the Amended Complaint. Federal Defendants do not specifically respond to any section headings included in the Amended Complaint, but to the extent those headings expressly or implicitly include legal or factual allegations, Federal Defendants deny those allegations. Federal Defendants deny any allegation in the Amended Complaint that is not specifically admitted, denied, or qualified in this Answer.

1. The allegations in this paragraph constitute Plaintiffs' characterization of the case, to which no response is required; to the extent a response is required, denied. Federal Defendants deny any unlawful action.

2. Federal Defendants admit that the Administration has declared a national energy and grid emergency. The remainder of this paragraph is denied.

3. The allegations in the first sentence of this paragraph are vague with respect to the government actions in question and are denied on that basis. The allegations in the second sentence purport to characterize a press release and social media statement, which speak for themselves and are the best evidence of their contents. To the extent the allegation are inconsistent with the release and statement, they are denied. Federal Defendants deny any unlawful decision-making.

4. Federal Defendants admit that the referenced litigation is occurring in other jurisdictions. The remaining allegations in this paragraph purport to characterize pleadings and opinions in those cases, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with those documents, they are denied.

5. Federal Defendants admit that the Department of War previously initiated a temporary pause of review of wind project applications. The remaining allegations are denied.

6. The allegations in the first sentence are admitted. The allegations in the second sentence purport to characterize a statute, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the statute, they are denied.

7. Admitted.

8. Admitted as to the FAA's role in the process. Federal Defendants deny the remainder of the paragraph as it makes factual assertions to which Federal Defendants lack sufficient knowledge, and legal conclusions to which no response is needed.

9. Admitted.

10. Federal Defendants admit only so far as when impacts to military readiness and operations are identified, the MRT process is commenced. Federal Defendants deny the remainder of the paragraph as it is vague with respect to the identification of the projects.

11. Federal Defendants admit that prior to June 5, 2025, the SCH reviews routinely resulted in consistent results and that developers did not question or complain about the length of time required to reach the result. The remainder of this paragraph is denied for lack of sufficient knowledge.

12. Federal Defendants admit that, as reflected in the declaration of the Hon. Marks, DoW initiated a temporary pause in the signing of further mitigation agreements until the Department had the opportunity to evaluate the Clearinghouse's internal, analytical, methodology for assessing national security risks in light of the dramatic threat paradigm shift. *See* Dkt. No. 90-1 ¶ 68 (Declaration of Hon. Marks). The remainder of the allegations in this paragraph are denied.

13. Denied.

14. Federal Defendants deny the allegations in this paragraph for lack of sufficient knowledge as to the FAA's overall process and results.

15. Denied.

16. Denied.

17. Denied.

18. The allegations in this paragraph are denied for lack of sufficient knowledge.

19. The allegations in this paragraph are denied for lack of sufficient knowledge.

20. The allegations in this paragraph are denied for lack of sufficient knowledge.

21. The allegations in this paragraph are vague, as they refer to statutes without identifying them, and are denied on that basis. The allegations also constitute legal conclusions to which no response is required; to the extent a response is required, denied. Federal Defendants deny any unlawful decision-making.

22. This paragraph is Plaintiffs' prayer for relief, which requires no response. To the extent a response is required, Federal Defendants deny that Plaintiffs are entitled to the requested relief or any relief whatsoever.

23. The allegations in this paragraph are denied for lack of sufficient knowledge.

24. The allegations in this paragraph are denied for lack of sufficient knowledge.

25. The allegations in this paragraph are denied for lack of sufficient knowledge.

26. The allegations in this paragraph are denied for lack of sufficient knowledge.

27. The allegations in this paragraph are denied for lack of sufficient knowledge.

28. The allegations in this paragraph are denied for lack of sufficient knowledge.

29. The allegations in this paragraph are denied for lack of sufficient knowledge.

30. The allegations in this paragraph are denied for lack of sufficient knowledge.

31. The allegations in this paragraph are denied for lack of sufficient knowledge.

32. Admitted.

33. Admitted.

34. Admitted.

35. Admitted.

36. Admitted.

37. Admitted.

38. Admitted.

39. Admitted.

40. Admitted.

41. Admitted.

42. Admitted.

43. Admitted.

44. Admitted.

45. Admitted.

46. Admitted.

47. Admitted.

48. Admitted.

49. Admitted.

50. Admitted.

51. Admitted.

52. Admitted.

53. Admitted.

54. Admitted.

55. Admitted.

56. Admitted.

57. Admitted.

58. The allegations in this paragraph consist entirely of legal conclusions to which no response is required; to the extent a response is required, Federal Defendants admit that the court has subject-matter jurisdiction but deny the remaining allegations.

59. The allegations in this paragraph consist entirely of legal conclusions to which no response is required; to the extent a response is required, admitted.

60. Federal Defendants admit that venue is proper in this district but lack sufficient knowledge for form a belief as to the remaining allegations and deny them on that basis.

61. Federal Defendants admit that divisional venue is proper in this division but lack sufficient knowledge for form a belief as to the remaining allegations and deny them on that basis.

62. The allegations in this paragraph purport to characterize and quote a federal statute, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced authority, Federal Defendants deny the allegations.

63. The allegations in this paragraph purport to characterize a federal statute, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced authority, Federal Defendants deny the allegations.

64. The allegations in this paragraph purport to characterize a federal statute, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced authority, Federal Defendants deny the allegations.

65. Federal Defendants admit that DoW does not regulate land use. The remainder of this paragraph purports to characterize a federal statute, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced authority, Federal Defendants deny the allegations.

66. The allegations in the third sentence of this paragraph purports to characterize and quote an internal administrative document, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced document, Federal Defendants deny the allegations. The remainder of this paragraph is admitted.

67. Federal Defendants admit that the process has criteria and certain timelines, but lack knowledge sufficient as to the remainder, including developer reliance and planning, and those allegations are denied on that basis.

68. The allegations in this paragraph purport to characterize a federal statute, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced authority, Federal Defendants deny the allegations.

69. The allegations in this paragraph purport to characterize and quote a federal statute, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced authority, Federal Defendants deny the allegations.

70. The allegations in this paragraph purport to characterize a federal statute, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced authority, Federal Defendants deny the allegations.

71. The allegations in this paragraph purport to characterize federal statutes and regulations which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced authorities, Federal Defendants deny the allegations.

72. The allegations in this paragraph purport to characterize federal regulations which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced authorities, Federal Defendants deny the allegations.

73. The allegations in this paragraph are denied for lack of sufficient knowledge.

74. The allegations in this paragraph purport to characterize the FAA Order which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced authority, Federal Defendants deny the allegations.

75. The allegations in this paragraph purport to characterize and quote a federal statute, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced authority, Federal Defendants deny the allegations.

76. Federal Defendants admit the first sentence of this paragraph. The remainder purports to characterize a federal regulation, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced authority, Federal Defendants deny the allegations.

77. The allegations in this paragraph purport to characterize a federal regulation, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced authority, Federal Defendants deny the allegations.

78. The allegations in this paragraph purport to characterize a federal regulation, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced authority, Federal Defendants deny the allegations.

79. The allegations in this paragraph purport to characterize a federal regulation, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced authority, Federal Defendants deny the allegations.

80. The allegations in this paragraph are denied for lack of sufficient knowledge.

81. The allegations in this paragraph purport to characterize a federal statute, which speaks for itself and is the best evidence of its contents; notwithstanding, admitted.

82. The allegations in this paragraph purport to characterize and quote a federal statute, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced authority, Federal Defendants deny the allegations.

83. The allegations in this paragraph purport to characterize a federal statute, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced authority, Federal Defendants deny the allegations.

84. The allegations in this paragraph purport to characterize and quote a federal statute, which speaks for itself and is the best evidence of its contents; to the extent the

allegations are inconsistent with the referenced authority, Federal Defendants deny the allegations.

85. The allegations in this paragraph purport to characterize and quote a federal statute, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced authority, Federal Defendants deny the allegations.

86. The allegations in this paragraph purport to characterize and quote a federal statute, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced authority, Federal Defendants deny the allegations.

87. The allegations in this paragraph purport to characterize and quote a federal statute, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced authority, Federal Defendants deny the allegations.

88. The allegations in this paragraph purport to characterize a federal statute, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced authority, Federal Defendants deny the allegations.

89. The allegations in this paragraph purport to characterize a federal statute, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced authority, Federal Defendants deny the allegations.

90. The allegations in this paragraph purport to characterize and quote a federal statute, which speaks for itself and is the best evidence of its contents; to the extent the

allegations are inconsistent with the referenced authority, Federal Defendants deny the allegations.

91. The allegations in this paragraph purport to characterize a federal statute, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced authority, Federal Defendants deny the allegations.

92. The allegations in this paragraph purport to characterize a federal statute, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced authority, Federal Defendants deny the allegations.

93. The allegations in this paragraph purport to characterize a federal statute, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced authority, Federal Defendants deny the allegations.

94. The allegations in this paragraph purport to characterize a federal statute, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced authority, Federal Defendants deny the allegations.

95. The first sentence of this paragraph purports to characterize a federal statute, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced authority, Federal Defendants deny the allegations. Federal Defendants deny the second sentence for lack of sufficient knowledge.

96. The allegations in this paragraph purport to characterize and quote a federal regulation, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced authority, Federal Defendants deny the allegations.

97. The allegations in this paragraph purport to characterize and quote a federal regulation, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced authority, Federal Defendants deny the allegations.

98. The allegations in this paragraph purport to characterize and quote federal statutes and regulations, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced authority, Federal Defendants deny the allegations.

99. The allegations in this paragraph purport to characterize a federal regulation, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced authority, Federal Defendants deny the allegations.

100. The allegations in this paragraph purport to characterize and quote a federal regulation, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced authority, Federal Defendants deny the allegations.

101. The allegations in this paragraph purport to characterize and quote a federal statute, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced authority, Federal Defendants deny the allegations.

102. Federal Defendants admit that, where applicable, an agency's regulations are binding. The remaining allegations of this paragraph purports to characterize the Code of Federal Regulations, which speaks for itself and is the best evidence of its contents; to the

extent the allegations are inconsistent with the referenced authority, Federal Defendants deny the allegations.

103. The allegations in this paragraph purport to characterize a federal internal guidance document, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced document, Federal Defendants deny the allegations.

104. The allegations in this paragraph purport to characterize a federal internal guidance document, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced document, Federal Defendants deny the allegations.

105. The allegations in this paragraph purport to characterize a federal internal guidance document, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced document, Federal Defendants deny the allegations.

106. The allegations in this paragraph purport to characterize and quote a federal internal guidance document, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced document, Federal Defendants deny the allegations.

107. The allegations in this paragraph purport to characterize a federal internal guidance document, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced document, Federal Defendants deny the allegations.

108. The allegations in this paragraph purport to characterize and quote a federal internal guidance document, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced document, Federal Defendants deny the allegations.

109. The allegations in this paragraph purport to characterize and quote a federal internal guidance document, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced document, Federal Defendants deny the allegations.

110. The allegations in this paragraph purport to characterize and quote a federal internal guidance document and federal regulation, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced authorities, Federal Defendants deny the allegations.

111. The allegations in this paragraph purport to characterize and quote a federal internal guidance document, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced document, Federal Defendants deny the allegations.

112. The allegations in this paragraph are vague and ambiguous and purport to characterize a federal statute, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced authority, Federal Defendants deny the allegations.

113. Federal Defendants admit that utility-scale wind development projects are subject to federal review; the remainer of the paragraph as to non-federal requirements and processes are denied for lack of sufficient knowledge.

114. The allegations in this paragraph are denied for lack of sufficient knowledge.

115. The allegations in this paragraph are denied for lack of sufficient knowledge.

116. Admitted, but Federal Defendants deny that the list of considerations is limited to those enumerated in this paragraph.

117. The allegations in this paragraph are denied for lack of sufficient knowledge.

118. Admitted, but Federal Defendants deny that the types of concerns are limited to those three primary categories.

119. Federal Defendants admit that DoW has historically regularly communicated with developers during the MRT process. The remainer of this paragraph is vague and ambiguous as to the identification of the projects in question and is denied on that basis.

120. The allegations in the first sentence of this paragraph constitute Plaintiffs' subjective and vague characterizations of unidentified projects to which no response is required; to the extent a response is required, denied. As for the second sentence, Federal Defendants admit that the listed measures are utilized, but deny that those measures are exhaustive. The third sentence purports to characterize multiple declarations which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced declarations, Federal Defendants deny the allegations.

121. Admitted, but Federal Defendants deny that mitigation discussions are always successful and culminate in an agreement.

122. The first sentence of this paragraph is admitted. The second sentence is Plaintiffs' vague and subjective characterization of unidentified projects; to the extent a response is required, denied. Federal Defendants lack sufficient knowledge as to the third sentence, including FAA's practices upon countersignature, and it is denied on that basis.

123. Federal Defendants admit mitigation agreements at time require amendments, but the remainder of this paragraph fails to identify any specific projects, and is denied as vague and ambiguous.

124. The allegations in this paragraph are subjective and vague, including using terms like "efficient," "expedient," and "well-understood," and denied on that basis.

125. The allegations in this paragraph are subjective and vague as to the projects in question, and denied on that basis. Federal Defendants also lack knowledge sufficient to form a belief as to if and how project sponsors relied on the Clearinghouse review process.

126. Denied.

127. Federal Defendants admit that if a preliminary review resulted in an NPR, DoW would proceed to schedule MRT discussions. The remainder of this paragraph is subjective and vague in its identification of projects, and denied on that basis.

128. Federal Defendants admit that the mitigation options listed by Plaintiffs have been utilized in the past. The remaining allegations in this paragraph are subjective and vague in its identification of projects, and denied on that basis.

129. Denied.

130. Federal Defendants admit that the time period between mitigation discussions and draft agreement circulation allows DoW components and the Clearinghouse time to review proposed mitigation agreements. Federal Defendants deny the remaining allegations.

131. The allegations in this paragraph are subjective and vague as to its identification of projects, and denied on that basis.

132. Federal Defendants admit that executed mitigation agreements must be countersigned to be effective, but deny the remainder of the allegations as subjective and vague as to their identification of projects.

133. The allegations in this paragraph are subjective and vague as to their identification of projects, and denied on that basis.

134. The allegations in this paragraph are subjective and vague as to their identification of projects, and denied on that basis.

135. Denied.

136. The allegations in this paragraph are subjective and vague as to their identification of projects, and denied on that basis.

137. Denied.

138. The allegations in this paragraph are denied for lack of sufficient knowledge.

139. Admitted.

140. Admitted.

141. The allegations in this paragraph are subjective and vague as to the projects in question, and denied on that basis.

142. Denied.

143. The allegations in this paragraph purport to characterize and quote a federal internal guidance document, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced document, Federal Defendants deny the allegations.

144. The allegations in this paragraph purport to characterize and quote a federal internal guidance document, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced document, Federal Defendants deny the allegations.

145. The allegations in this paragraph purport to characterize and quote a federal internal guidance document, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced document, Federal Defendants deny the allegations.

146. The allegations in this paragraph purport to characterize and quote a federal internal guidance document, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced document, Federal Defendants deny the allegations.

147. Denied.

148. The allegations in this paragraph are subjective and vague as to the project in question, and denied on that basis.

149. The allegations in this paragraph purport to characterize and quote the contents of letters, which speak for themselves and are the best evidence of their contents; to the extent

the allegations are inconsistent with the referenced documents, Federal Defendants deny the allegations.

150. Denied.

151. The allegations in this paragraph are subjective and vague as to the project in question, and denied on that basis.

152. Admitted.

153. Federal Defendants admit that these projects had previously completed MRT review, but deny the remaining allegations.

154. The allegations in this paragraph are denied for lack of sufficient knowledge.

155. The allegations in this paragraph are subjective and vague as to the projects in question, and denied on that basis.

156. Federal Defendants admit that some projects have been awaiting countersignature for up to nine months, but deny the remaining allegations.

157. The allegations in this paragraph are denied for lack of sufficient knowledge.

158. Federal Defendants admit that some pending land-based wind projects had previously completed mitigation discussions, but deny the remaining allegations for vagueness as to the projects in question.

159. Admitted.

160. Denied.

161. The allegations in this paragraph are subjective and vague as to the projects in question, and denied on that basis. Moreover, Federal Defendants lack sufficient knowledge as to any entity's expectations as to mitigation agreements not yet issued.

162. The allegations in this paragraph are denied for lack of sufficient knowledge.

163. The allegations in this paragraph are subjective and vague as to the projects in question, and denied on that basis.

164. Denied.

165. The allegations in this paragraph purport to characterize and quote a federal regulation, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced authority, Federal Defendants deny the allegations.

166. The allegations in this paragraph are denied for lack of sufficient knowledge.

167. The allegations in this paragraph are subjective and vague as to the projects in question, and denied on that basis.

168. Federal Defendants admit that preliminary review on some projects has taken over 30 days. The remainder of this paragraph purports to characterize and quote federal statutes and regulations, which speaks for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced authorities, Federal Defendants deny the allegations.

169. Federal Defendants admit that some land-based wind projects that have received NPRs have not started the MRT process yet, but the remainder of the paragraph are subjective and vague as to the identification of projects, and denied on that basis.

170. The allegations in this paragraph are denied for lack of sufficient knowledge.

171. Federal Defendants admit that generally, DoW has received inquiries regarding the statuses of pending applications. The remainder of this paragraph is subjective and vague as to the projects in question and denied on that basis.

172. The allegations in this paragraph are subjective and vague as to the projects in question, and denied on that basis.

173. The allegations in this paragraph purport to characterize and quote a letter sent by one of the associational plaintiffs, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced authority, Federal Defendants deny the allegations.

174. The allegations in this paragraph purports to characterize and quote a letter from a DoW official to one of the associational plaintiffs, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced authorities, Federal Defendants deny the allegations.

175. The allegations in this paragraph are denied for lack of sufficient knowledge.

176. The allegations in this paragraph are denied for lack of sufficient knowledge.

177. The allegations in this paragraph are denied for lack of sufficient knowledge.

178. The allegations in this paragraph are denied for lack of sufficient knowledge.

179. The allegations in this paragraph are denied for lack of sufficient knowledge.

180. The allegations in this paragraph are denied for lack of sufficient knowledge.

181. The allegations in this paragraph are denied for lack of sufficient knowledge.

182. The allegations in this paragraph are denied for lack of sufficient knowledge.

183. The allegations in this paragraph are denied for lack of sufficient knowledge.

184. The allegations in this paragraph are denied for lack of sufficient knowledge.

185. The allegations in this paragraph are denied for lack of sufficient knowledge.

186. The allegations in this paragraph are denied for lack of sufficient knowledge.

187. The allegations in this paragraph are denied for lack of sufficient knowledge.

188. The allegations in this paragraph are denied for lack of sufficient knowledge.

189. The allegations in this paragraph are denied for lack of sufficient knowledge.

190. The allegations in this paragraph are denied for lack of sufficient knowledge.

191. The allegations in this paragraph are denied for lack of sufficient knowledge.

192. The allegations in this paragraph are denied for lack of sufficient knowledge.

193. The allegations in this paragraph are denied for lack of sufficient knowledge.

194. The allegations in this paragraph are denied for lack of sufficient knowledge.

195. The allegations in this paragraph are denied for lack of sufficient knowledge.

196. The allegations in this paragraph are denied for lack of sufficient knowledge.

197. The allegations in this paragraph are denied for lack of sufficient knowledge.

198. The allegations in this paragraph are denied for lack of sufficient knowledge.

199. The allegations in this paragraph are denied for lack of sufficient knowledge.

200. The allegations in this paragraph are denied for lack of sufficient knowledge.

201. The allegations in this paragraph are denied for lack of sufficient knowledge.

202. The allegations in this paragraph are denied for lack of sufficient knowledge.

203. The first sentence of this paragraph is vague and ambiguous as to the identification of the statutes in question, and denied on that basis. The remaining allegations in this paragraph purport to characterize and quote a federal statute, which speaks for itself

and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced authority, Federal Defendants deny the allegations.

204. The allegations in this paragraph purport to characterize and quote various federal statutes, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced authorities, Federal Defendants deny the allegations.

205. Denied.

206. The allegations in this paragraph are denied for lack of sufficient knowledge.

207. The allegations in this paragraph are denied for lack of sufficient knowledge.

208. The allegations in this paragraph are vague and ambiguous as to the government actions in question, and denied on that basis.

209. The allegations in this paragraph purport to characterize unidentified court orders, and are denied as vague and ambiguous for that reason.

210. The allegations in this paragraph purport to characterize an agency memorandum, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced authority, Federal Defendants deny the allegations.

211. Admitted.

212. The allegations in this paragraph purport to characterize a judicial ruling, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced authority, Federal Defendants deny the allegations.

213. The allegations in this paragraph purport to characterize a judicial ruling, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced authority, Federal Defendants deny the allegations.

214. The allegations in this paragraph purport to characterize and quote a judicial ruling, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced authority, Federal Defendants deny the allegations.

215. The allegations in this paragraph are vague and ambiguous as to the government actions in question, and denied on that basis.

216. The allegations purport to characterize agency orders and memoranda, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced authority, Federal Defendants deny the allegations.

217. Admitted.

218. Admitted.

219. The allegations in this paragraph purport to characterize and quote a judicial ruling, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced authority, Federal Defendants deny the allegations.

220. The allegations in this paragraph purport to characterize a judicial ruling, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced authority, Federal Defendants deny the allegations.

221. The allegations in this paragraph purport to characterize and quote a judicial ruling, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced authority, Federal Defendants deny the allegations.

222. The allegations in this paragraph purport to characterize and quote a judicial ruling, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced authority, Federal Defendants deny the allegations.

223. The allegations in this paragraph purport to characterize and quote orders issued by BOEM, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced orders, Federal Defendants deny the allegations.

224. The allegations in this paragraph purport to characterize various judicial rulings, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced rulings, Federal Defendants deny the allegations.

225. The allegations in this paragraph purport to characterize and quote various judicial rulings, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced rulings, Federal Defendants deny the allegations.

226. The allegations in this paragraph purport to characterize various judicial rulings, which speak for themselves and are the best evidence of their contents; to the extent the

allegations are inconsistent with the referenced rulings, Federal Defendants deny the allegations.

227. The allegations in this paragraph purport to characterize various judicial rulings, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced rulings, Federal Defendants deny the allegations.

228. The allegations in this paragraph purport to characterize various judicial rulings, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced rulings, Federal Defendants deny the allegations.

229. The allegations in this paragraph purport to characterize various judicial rulings, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced rulings, Federal Defendants deny the allegations.

230. The allegations in this paragraph purport to characterize various judicial rulings, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced rulings, Federal Defendants deny the allegations.

231. Federal Defendants incorporates their prior responses above.

232. The allegations in this paragraph purport to characterize and quote a federal statute, which speaks for itself and is the best evidence of its contents; to the extent the

allegations are inconsistent with the referenced authority, Federal Defendants deny the allegations.

233. Denied.

234. The allegations in this paragraph purport to characterize and quote a judicial ruling, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced authority, Federal Defendants deny the allegations.

235. Denied.

236. The allegations in this paragraph consist entirely of legal conclusions to which no response is required; to the extent a response is required, denied.

237. The allegations in this paragraph purport to characterize and quote multiple judicial rulings, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced authorities, Federal Defendants deny the allegations.

238. The allegations in this paragraph purport to characterize and quote a judicial ruling, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced authority, Federal Defendants deny the allegations.

239. The allegations in this paragraph purport to characterize and quote a judicial ruling, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced authority, Federal Defendants deny the allegations.

240. Denied.

241. Federal Defendants admit it sent a letter to the American Clean Power Association; that letter speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in the first sentence to the extent they are inconsistent with the letter. Federal Defendants deny the remaining allegations.

242. Federal Defendants admit that the referenced federal shutdown concluded in November 2025. The remaining allegations are denied.

243. Denied.

244. The allegations in this paragraph purport to characterize and quote a judicial ruling, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced authority, Federal Defendants deny the allegations.

245. The allegations in this paragraph purport to characterize various judicial rulings, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced rulings, Federal Defendants deny the allegations.

246. Denied.

247. The allegations in this paragraph purport to characterize and quote press articles. The articles speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced sources, Federal Defendants deny the allegations.

248. Denied.

249. Denied.

250. Denied.

251. The allegations in this paragraph purport to characterize and quote a judicial ruling, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced authority, Federal Defendants deny the allegations.

252. The allegations in this paragraph purport to characterize and quote a federal statute, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced authority, Federal Defendants deny the allegations.

253. The allegations in this paragraph purport to quote a federal regulation, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced authority, Federal Defendants deny the allegations.

254. The allegations in this paragraph purport to characterize and quote a federal statute, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced authority, Federal Defendants deny the allegations.

255. Denied.

256. Denied.

257. The allegations in this paragraph purport to characterize and quote two judicial rulings, which speak for themselves and are the best evidence of their contents; to the extent

the allegations are inconsistent with the referenced authority, Federal Defendants deny the allegations.

258. The allegations in this paragraph purport to characterize and quote a judicial ruling, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced authority, Federal Defendants deny the allegations.

259. Federal Defendants admit that prior to June 5, 2025, developers did not question or complain about the length of time required to reach the result. The remaining allegations in this paragraph are subjective and vague as to the project in question, and denied on that basis.

260. The allegations in this paragraph are denied for lack of sufficient knowledge.

261. The first sentence in this paragraph purport to characterize and quote a federal statute, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced authority, Federal Defendants deny the allegations. The allegations in the second sentence are subjective and vague as to the project in question, and denied on that basis.

262. Denied.

263. Denied.

264. Denied.

265. The allegations in this paragraph purport to characterize and quote federal statutes and judicial rulings, which speak for themselves and are the best evidence of their

contents; to the extent the allegations are inconsistent with the referenced authorities, Federal Defendants deny the allegations.

266. Denied.

267. Denied.

268. The allegations in the first sentence of this paragraph purport to characterize and quote a federal internal guidance document, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced document, Federal Defendants deny the allegations. Federal Defendants deny the second sentence for lack of sufficient knowledge as to Plaintiffs' awareness of project review.

269. Denied.

270. The allegations in the first sentence of this paragraph purport to characterize and quote a federal internal guidance document, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced document, Federal Defendants deny the allegations.

271. The allegations in this paragraph purport to characterize and quote federal statutes and judicial rulings, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced authorities, Federal Defendants deny the allegations.

272. Denied.

273. Denied.

274. Denied.

275. Denied.

276. The allegations in this paragraph are aspects of Plaintiffs' relief sought, to which no response is required. To the extent a response is required, Federal Defendants deny that Plaintiff is entitled to the requested relief or any relief whatsoever.

277. Federal Defendant incorporate their prior responses above.

278. The allegations in this paragraph purport to characterize a federal statute, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced authority, Federal Defendants deny the allegations.

279. The allegations in this paragraph purport to characterize a federal statute, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced authority, Federal Defendants deny the allegations.

280. The allegations in this paragraph purport to characterize and quote a judicial ruling, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced authority, Federal Defendants deny the allegations.

281. The allegations in this paragraph purport to characterize and quote a judicial ruling, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced authority, Federal Defendants deny the allegations.

282. Denied.

283. Denied.

284. Denied.

285. Denied.

286. Denied.

287. The allegations in the first sentence are denied. The remaining allegations in this paragraph purport to characterize and quote a judicial ruling, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced authority, Federal Defendants deny the allegations.

288. Denied.

289. Denied.

290. The allegations in this paragraph are aspects of Plaintiffs' relief sought, to which no response is required. To the extent a response is required, Federal Defendants deny that Plaintiff is entitled to the requested relief or any relief whatsoever.

291. The allegations in this paragraph are aspects of Plaintiffs' relief sought, to which no response is required. To the extent a response is required, Federal Defendants deny that Plaintiff is entitled to the requested relief or any relief whatsoever.

Relief Requested

The remainder of the Complaint constitutes Plaintiff's prayer for relief, which requires no response. To the extent a response is required, Federal Defendants deny that Plaintiff is entitled to the requested relief or any relief whatsoever.

## GENERAL DENIAL

Federal Defendants deny any allegations in Plaintiff's Complaint, whether express or im-plied, that are not expressly denied, admitted, or qualified herein.

Dated: September 21, 2026

Respectfully submitted,

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General

*/s/ Shawn D. Ren*

Shawn D. Ren, Trial Attorney
U.S. Department of Justice
Energy & Natural Resources Division
999 18th St., N Terrace, Suite 600
Denver, CO 80202
Tel: (202) 598-3141
Fax: (303) 844-1350
E-mail: shawn.ren2@usdoj.gov

*Attorney for Federal Defendants*