**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF OREGON**
**PORTLAND DIVISION**

| | | |
|---|---|---|
| RENEWABLE NORTHWEST, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:26-CV-01092 |
| | § | |
| PETER B. HEGSETH, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**FEDERAL DEFENDANTS' ANSWER TO NON-STATE PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Defendants Peter B. Hegseth, Dale R. Marks, U.S. Department of Defense, Department of the Air Force, Department of the Army, Department of the Navy, and Department of Defense Military Aviation and Installation Assurance Siting Clearinghouse (hereinafter, "Federal Defendants"), through counsel, hereby respond to the Intervenor Plaintiffs' complaint in intervention filed in case number 3:26-CV-01092, Dkt. No. 136. The numbered paragraphs below correspond to the numbered paragraphs in the complaint. Federal Defendants do not specifically respond to any section headings included in the complaint, but to the extent those headings expressly or implicitly include legal or factual allegations, Federal Defendants deny those allegations. Federal Defendants deny any allegation in the Complaint that is not specifically admitted, denied, or qualified in this Answer.

1. The allegations in this paragraph constitute Plaintiffs' characterization of the case, to which no response is required; to the extent a response is required, denied. Federal Defendant deny any unlawful decision-making.

2. Federal Defendants lack knowledge sufficient to form a belief as to the allegations in the first sentence, and deny them on that basis. The remaining allegations in this paragraph are denied.

3. The allegations in this paragraph are denied for lack of sufficient knowledge.

4. The allegations in the first sentence are vague as to the projects in question and are denied on that basis. The remaining allegations purport to characterize multiple federal statutes, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced authorities, Federal Defendants deny the allegations.

5. The allegations in the first sentence are vague as to the projects in question and are denied on that basis. The allegations in the final sentence are denied. Federal Defendants admit that the allegations in the remaining sentences generally describe the process.

6. The allegations in the first sentence purport to characterize a news article, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the article, they are denied. The remaining allegations are vague as to the statutes or government actions in questions and are denied on that basis.

7. Denied.

8. The allegations in this paragraph are denied for lack of sufficient knowledge.

9. The allegations in this paragraph are denied for lack of sufficient knowledge.

10. Denied.

11. The allegations in this paragraph consist entirely of legal conclusions to which no response is required; to the extent a response is required, Federal Defendants admit that the court has subject-matter jurisdiction but deny the remaining allegations.

12. Denied.

13. Federal Defendants admit that venue is proper in this district but lack sufficient knowledge for form a belief as to the remaining allegations and deny them on that basis.

14. The allegations in this paragraph are denied for lack of sufficient knowledge.

15. The allegations in this paragraph are denied for lack of sufficient knowledge.

16. The allegations in this paragraph are denied for lack of sufficient knowledge.

17. The allegations in this paragraph are denied for lack of sufficient knowledge.

18. The allegations in this paragraph are denied for lack of sufficient knowledge.

19. The allegations in this paragraph are denied for lack of sufficient knowledge.

20. The allegations in this paragraph are denied for lack of sufficient knowledge.

21. The allegations in this paragraph are denied for lack of sufficient knowledge.

22. The allegations in this paragraph are denied for lack of sufficient knowledge.

23. The allegations in this paragraph are denied for lack of sufficient knowledge.

24. The allegations in this paragraph are denied for lack of sufficient knowledge.

25. The allegations in this paragraph are denied for lack of sufficient knowledge.

26. The allegations in this paragraph are denied for lack of sufficient knowledge.

27. The allegations in this paragraph are denied for lack of sufficient knowledge.

28. The allegations in this paragraph are denied for lack of sufficient knowledge.

29. The allegations in this paragraph are denied for lack of sufficient knowledge.

30. The allegations in this paragraph are denied for lack of sufficient knowledge.

31. The allegations in this paragraph are denied for lack of sufficient knowledge.

32. The allegations in this paragraph are denied for lack of sufficient knowledge.

33. Admitted.

34. Admitted.

35. Admitted.

36. Admitted, except Federal Defendants deny any implication that the Department of the Air Force participates in the Clearinghouse review process with respect to every proposed wind project as a matter of course.

37. Admitted, except Federal Defendants deny any implication that the Department of the Army participates in the Clearinghouse review process with respect to every proposed wind project as a matter of course.

38. Admitted, except Federal Defendants deny any implication that the Department of the Navy participates in the Clearinghouse review process with respect to every proposed wind project as a matter of course.

39. Admitted.

40. This paragraph sets forth Intervenor Plaintiffs' shorthand abbreviation of the named Federal Defendants; as it does not make any assertions, no response is required.

41. The allegations in this paragraph purport to characterize multiple federal statutes, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced authorities, Federal Defendants deny the allegations.

42. The allegations in this paragraph purport to characterize and quote a federal statute, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced authorities, Federal Defendants deny the allegations.

43. The allegations in this paragraph purport to characterize and quote various federal statutes and regulations, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced authorities, Federal Defendants deny the allegations.

44. The allegations in this paragraph purport to characterize and quote a federal statute, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced authorities, Federal Defendants deny the allegations.

45. The allegations in this paragraph purport to characterize and quote a federal statute, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced authorities, Federal Defendants deny the allegations.

46. The allegations in this paragraph purport to characterize and quote a federal regulation, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced authorities, Federal Defendants deny the allegations.

47. The allegations in this paragraph purport to characterize and quote a federal statute, which speaks for itself and is the best evidence of its contents; to the extent the

allegations are inconsistent with the referenced authorities, Federal Defendants deny the allegations.

48. The allegations in this paragraph purport to characterize multiple federal statutes, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced authorities, Federal Defendants deny the allegations.

49. The allegations in this paragraph purport to characterize a federal statute, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced authorities, Federal Defendants deny the allegations.

50. The allegations in this paragraph purport to characterize and quote a federal statute, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced authorities, Federal Defendants deny the allegations.

51. The allegations in this paragraph purport to characterize and quote a federal statute, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced authorities, Federal Defendants deny the allegations.

52. The allegations in this paragraph purport to characterize various federal statutes and regulations, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced authorities, Federal Defendants deny the allegations.

53. The allegations in this paragraph purport to characterize and quote a federal regulation, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced authorities, Federal Defendants deny the allegations.

54. The allegations in this paragraph purport to characterize a federal regulation, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced authorities, Federal Defendants deny the allegations.

55. The allegations in this paragraph purport to characterize and quote a federal regulation, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced authorities, Federal Defendants deny the allegations.

56. The allegations in this paragraph purport to characterize and quote a federal regulation, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced authorities, Federal Defendants deny the allegations.

57. The allegations in this paragraph purport to characterize various federal statutes and regulations, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced authorities, Federal Defendants deny the allegations.

58. The allegations in this paragraph are denied for lack of sufficient knowledge as to FAA's processes beyond DoW's specific role.

59. Federal Defendants admit that President Trump was inaugurated in January 2025. The remaining allegations in this paragraph are vague as to the actions in question and are denied on that basis.

60. The allegations in this paragraph purport to characterize a presidential memorandum, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced authorities, Federal Defendants deny the allegations.

61. The allegations in this paragraph and footnote purport to characterize and quote a presidential memorandum and judicial decision, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced authorities, Federal Defendants deny the allegations. Federal Defendants admit that no appeal was filed.

62. The allegations in this paragraph purport to characterize and quote various executive orders, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced authorities, Federal Defendants deny the allegations.

63. The allegations in this paragraph purport to characterize and quote a news reports, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced sources, the Federal Defendants deny the allegations.

64. The allegations in this paragraph are vague as to the projects in question and are denied on that basis.

65. Federal Defendants deny the timelines set forth in this paragraph. The remaining allegations in this paragraph are vague as to the projects in question and are denied on that basis. The allegations in this paragraph are also denied insofar as they incorrectly imply that mitigation discussions always and necessarily result in agreement.

66. The allegations in this paragraph are vague as to the projects in question and are denied on that basis.

67. The allegations in this paragraph purport to characterize a complaint filed by other plaintiffs in this case, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced document, Federal Defendants deny the allegations.

68. The allegations in this paragraph are denied for lack of sufficient knowledge as to what wind developers were able to identify or predict.

69. Federal Defendants admit that the mitigation measures listed by Intervenor Plaintiffs are utilized, but deny that those measures are exhaustive. The remainder of this paragraph is denied.

70. The allegations in the first sentence of this paragraph are vague as to the projects in question and are denied on that basis. Federal Defendants lack sufficient knowledge as to the allegations in the second sentence, which are denied on that basis.

71. Federal Defendants admit that mitigation agreements were previously available on the Clearinghouse website but presently are not. The remaining allegations are denied.

72. Federal Defendants admit that beginning August 2025, but before the Court's preliminary injunction order, DoW temporarily paused certain stages of review for land-based wind energy applications. Federal Defendants deny any remaining allegations.

73. The allegations in this paragraph purport to characterize an online news article, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced source, Federal Defendants deny the allegations.

74. Federal Defendants deny the first sentence of this paragraph. The remaining allegations in this paragraph are denied for lack of sufficient knowledge.

75. The allegations in this paragraph are denied for lack of sufficient knowledge as to how the wind industry has elected to categorize affected wind projects.

76. Federal Defendants admit that some projects have been awaiting countersignature since August 2025, but deny any remaining allegations.

77. Federal Defendants admit that some projects are awaiting a formal mitigation agreement but deny any remaining allegations.

78. Federal Defendants admit that some projects are still in MRT discussion, but deny any remaining allegations.

79. Federal Defendants admit that there are projects currently awaiting preliminary review and/or mitigation discussions, but deny any remaining allegations.

80. Denied.

81. Denied.

82. Federal Defendants deny the allegations in the first sentence of this paragraph. Federal Defendants admit that generally, DoW has received inquiries regarding the statuses of

pending applications, but deny that DoW has refused to engage. Federal Defendants admit the final sentence of this paragraph.

83. The allegations in this paragraph purport to characterize and quote an internal agency memorandum and declaration filed in this litigation, both of which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced documents, Federal Defendants deny the allegations.

84. The allegations in this paragraph purport to characterize and quote an internal agency memorandum, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced document, Federal Defendants deny the allegations.

85. The allegations in this paragraph purport to characterize and quote an internal agency memorandum, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced document, Federal Defendants deny the allegations.

86. The allegations in this paragraph purport to characterize and quote an internal agency memorandum, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced document, Federal Defendants deny the allegations.

87. The allegations in this paragraph purport to characterize and quote an internal agency memorandum, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced document, Federal Defendants deny the allegations.

88. The allegations in the first sentence of this paragraph are vague as to the projects in question and are denied on that basis. The remaining allegations purport to characterize a mitigation agreement and letters, both of which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced documents, Federal Defendants deny the allegations.

89. The allegations in this paragraph purport to characterize and quote a declaration filed in this litigation, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced document, Federal Defendants deny the allegations.

90. The allegations in first sentence of this paragraph purport to characterize and quote a declaration filed in this litigation, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced document, Federal Defendants deny the allegations. Federal Defendants deny the second sentence.

91. The allegations in this paragraph purport to characterize and quote a declaration filed in this litigation and several letters, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced documents, Federal Defendants deny the allegations. Federal Defendants admit the communications between a DoW representative and the Governor of Illinois, but lack sufficient knowledge as to the Governor's understanding of the nature of the presumed risk.

92. The allegations in this paragraph purport to characterize a declaration filed in this litigation and various documents cited in footnote 12, which all speak for themselves and

are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced documents, Federal Defendants deny the allegations.

93. Denied.

94. The allegations in this paragraph are denied for lack of sufficient knowledge.

95. Denied.

96. The allegations in this paragraph purport to characterize a complaint filed by other plaintiffs in this case, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced document, Federal Defendants deny the allegations.

97. The allegations in this paragraph are denied for lack of sufficient knowledge.

98. The allegations in this paragraph are denied for lack of sufficient knowledge.

99. The allegations in this paragraph purport to characterize and quote multiple judicial rulings, which speak for themselves and are the best evidence of their contents; to the extent the citations are inconsistent with the referenced authorities, Federal Defendants deny the allegations.

100. The allegations in this paragraph are denied for lack of sufficient knowledge.

101. The allegations in this paragraph are denied for lack of sufficient knowledge.

102. The allegations in this paragraph are denied for lack of sufficient knowledge.

103. The allegations in this paragraph are denied for lack of sufficient knowledge.

104. The allegations in this paragraph are denied for lack of sufficient knowledge.

105. The allegations in this paragraph are denied for lack of sufficient knowledge.

106. The allegations in this paragraph are denied for lack of sufficient knowledge.

107. The allegations in this paragraph are denied for lack of sufficient knowledge.

108. The allegations in this paragraph are denied for lack of sufficient knowledge.

109. The allegations in this paragraph are denied for lack of sufficient knowledge.

110. The allegations in this paragraph are denied for lack of sufficient knowledge.

111. The allegations in this paragraph are denied for lack of sufficient knowledge.

112. The allegations in this paragraph are denied for lack of sufficient knowledge.

113. The allegations in this paragraph are denied for lack of sufficient knowledge.

114. The allegations in this paragraph are denied for lack of sufficient knowledge.

115. The allegations in this paragraph are denied for lack of sufficient knowledge.

116. The allegations in this paragraph are denied for lack of sufficient knowledge.

117. The allegations in this paragraph are denied for lack of sufficient knowledge.

118. The allegations in this paragraph are denied for lack of sufficient knowledge.

119. The allegations in this paragraph are denied for lack of sufficient knowledge.

120. The allegations in this paragraph are denied for lack of sufficient knowledge.

121. The allegations in this paragraph are denied for lack of sufficient knowledge.

122. The allegations in this paragraph are denied for lack of sufficient knowledge.

123. The allegations in this paragraph are denied for lack of sufficient knowledge.

124. The allegations in this paragraph are denied for lack of sufficient knowledge.

125. The allegations in this paragraph are denied for lack of sufficient knowledge.

126. The allegations in this paragraph are denied for lack of sufficient knowledge.

127. The allegations in this paragraph are denied for lack of sufficient knowledge.

128. The allegations in this paragraph are denied for lack of sufficient knowledge.

129. The allegations in this paragraph are denied for lack of sufficient knowledge.

130. The allegations in this paragraph are denied for lack of sufficient knowledge.

131. The allegations in this paragraph are denied for lack of sufficient knowledge.

132. The allegations in this paragraph are denied for lack of sufficient knowledge.

133. Federal Defendants incorporate their responses above.

134. Federal Defendants admit DoW is an agency, and the DoD Clearinghouse is an office within DoW, but deny that the Clearinghouse itself is an agency.

135. Denied.

136. Denied.

137. Denied.

138. The allegations in this paragraph purport to characterize a federal statute, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced authorities, Federal Defendants deny the allegations.

139. Denied.

140. Denied.

141. The allegations in this paragraph purport to characterize and quote multiple judicial rulings, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced authorities, Federal Defendants deny the allegations.

142. The allegations in this paragraph purport to characterize a judicial ruling, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced authority, Federal Defendants deny the allegations.

143. The allegations in this paragraph purport to characterize and quote multiple judicial rulings, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced authorities, Federal Defendants deny the allegations.

144. The allegations in this paragraph purport to characterize and quote a judicial ruling, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced authority, Federal Defendants deny the allegations.

145. Denied.

146. Denied.

147. Denied.

148. The allegations in this paragraph purport to characterize and quote multiple federal statutes and regulations, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced authorities, Federal Defendants deny the allegations.

149. The allegations in this paragraph purport to characterize and quote a federal regulation, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced authority, Federal Defendants deny the allegations.

150. The allegations in this paragraph purport to characterize and quote a federal regulation, which speaks for itself and is the best evidence of its contents; to the extent the

allegations are inconsistent with the referenced authority, Federal Defendants deny the allegations.

151. Denied.

152. Denied.

153. The allegations in this paragraph purport to characterize a judicial ruling, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced authority, Federal Defendants deny the allegations.

154. The allegations in this paragraph consist entirely of legal conclusions to which no response is required; to the extent a response is required, admitted.

155. Denied.

156. Denied.

157. The allegations in the first sentence of this paragraph are denied. The second sentence is a legal conclusion to which no response is required; to the extent a response is required, denied. The remainer of this paragraph purports to characterize and quote a federal statute, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced authority, Federal Defendants deny the allegations.

158. Federal Defendants admit that the temporary pause was not preceded by notice-and-comment rulemaking but deny the applicability of that process and deny any unlawful decision-making.

159. Denied.

160. Denied.

161. Federal Defendants incorporate their prior responses above.

162. The allegations in this paragraph purport to characterize and quote a federal statute and judicial ruling, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced authorities, Federal Defendants deny the allegations.

163. Federal Defendants deny the allegations in the first sentence. The remaining allegations purport to characterize and quote various statutes and regulations, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced authorities, Federal Defendants deny the allegations.

164. The allegations in this paragraph purport to characterize and quote a federal regulation, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced authority, Federal Defendants deny the allegations.

165. The allegations in the first sentence of this paragraph purport to characterize a federal statute, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced authority, Federal Defendants deny the allegations. The second sentence is denied.

166. Denied.

167. The allegations in this paragraph purport to characterize and quote a federal regulation, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced authority, Federal Defendants deny the allegations.

168. The allegations in the first two sentences of this paragraph are vague as to the projects in question and are denied on that basis. The third sentence is denied.

169. Denied.

170. Denied.

## PRAYER FOR RELIEF

The remainder of the Complaint constitutes Plaintiff's prayer for relief, which requires no response. To the extent a response is required, Federal Defendants deny that Plaintiff is entitled to the requested relief or any relief whatsoever.

## GENERAL DENIAL

Federal Defendants deny any allegations in Plaintiff's Complaint, whether express or im-plied, that are not expressly denied, admitted, or qualified herein.

Dated: September 21, 2026

Respectfully submitted,

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General

*/s/ Shawn D. Ren*

Shawn D. Ren, Trial Attorney
U.S. Department of Justice
Energy & Natural Resources Division
999 18th St., N Terrace, Suite 600
Denver, CO 80202
Tel: (202) 598-3141
Fax: (303) 844-1350
E-mail: shawn.ren2@usdoj.gov

*Attorney for Federal Defendants*