Michael Giaquinto, OSB No. 246342
MORGAN LEWIS & BOCKIUS LLP
300 South Grand Ave., 22nd Floor
Los Angeles, CA 90071-3132
T: 213-612-7227
michael.giaquinto@morganlewis.com

Jennifer Trock (*pro hac vice*)
Douglas Hastings (*pro hac vice*)
1111 Pennsylvania Ave., NW
Washington, D.C. 20004
T: 202-739-3000
jennifer.trock@morganlewis.com
douglas.hastings@morganlewis.com

Ella Foley Gannon (*pro hac vice*)
600 Montgomery Street, Suite 2300
San Francisco, CA 94111-2725
T: 415-442-1000
ella.gannon@morganlewis.com

*Attorneys for Plaintiffs (except Las Crestas Wind Energy, LLC)*

Darin Sands, OSB No. 106624
BRADLEY BERNSTEIN SANDS LLP
1211 NW Glisan St., Ste 204
Portland, OR 97209
T: +1 503-734-2480
dsands@bradleybernstein.com

Richard W. Smith (*pro hac vice*)
Kathleen Mueller (*pro hac vice*)
SIDLEY AUSTIN LLP
1501 K Street, NW
Washington, D.C. 20005
T: 202-736-8000
rwsmith@sidley.com
kmueller@sidley.com

*Attorneys for Plaintiff Las Crestas Wind Energy, LLC*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION**

| | |
|---|---|
| RENEWABLE NORTHWEST, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>PETER B. HEGSETH, *et al.*,<br><br>*Defendants.* | Case No.: 3:26-cv-01092-IM<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF RESPONSE TO DEFENDANTS' FIRST STATUS REPORT** |

Pursuant to this Court's order, Plaintiffs respectfully submit this reply in support of their response to Defendants' First Status Report ("Report").

**I. Defendants Do Not Demonstrate Compliance with the Court's Order.**

The Court required 30-day status reports for a specific purpose: "[t]o ensure compliance with the stay" by determining whether review had resumed at each stage of the Clearinghouse process. Dkt. 125 at 35–36. Instead of meeting that requirement, Defendants' Report and response principally point to DoD's purported development and adoption of a new methodology and form of mitigation agreement. But a new methodology or form is a potential tool for carrying out the process, not a substitute for compliance with its requirements. Pursuant to 10 U.S.C. § 183a and its implementing regulations in 32 C.F.R. Part 211, DoD is required to take concrete, project-specific action within specified time periods, including: preliminary review of individual applications and communication of preliminary determinations within 30 days, commencement of the prescribed mitigation process where a project presents a presumed risk to be completed within 90 days absent written extension, and issuance and communication of its determination following of conclusion of the process.

DoD may not use its development of new internal policies to replace the project-specific actions required within the timeframes prescribed by law. By doing so, Defendants have essentially perpetuated their review freeze with a new justification. As the Court previously found, DoD "cannot pick and choose which parts of this legal regime to follow" but rather "must adhere to the entire regime," including its deadlines "from start to finish." Dkt. 125 at 25.

Defendants' own account reflects the gap between their new review process and the framework prescribed by law. Defendants identify: (1) no countersigned mitigation agreements; (2) no new draft agreements beyond a single model agreement provided to non-Plaintiff developer; (3) no resumed developer engagement for the projects already in the mitigation response team process; (4) no initiation of new mitigation response team discussions; and (5) no non-objection transmittals to the Federal Aviation Administration. In other words, Defendants identify no project that has advanced through any of those stages to the next prescribed step. Nor do Defendants identify a single project that completed the Clearinghouse review since this Court entered its order. Plaintiffs do not contend that completion is the sole measure of compliance. But a report that principally describes methodology development while identifying little movement through the prescribed project-specific steps does not demonstrate that review has resumed at each stage of the Clearinghouse process. Nor does the limited activity Defendants identify necessarily show meaningful advancement. For example, an extension of the period in which mitigation review may occur is not itself mitigation review or advancement of a project through that process.

Nor can Defendants credibly reduce this issue to a disagreement about the "pace of progress." Dkt. 149 at 3. The Court already held that the statutory and regulatory timeframes are binding: preliminary review is governed by mandatory deadlines; mitigation discussions may not extend beyond 90 days absent the prescribed written extension; and for Categories 1 and 2 the

Court separately found "no basis in statute or in regulation for DoD to withhold action." Dkt. 125 at 36 n.13. That conclusion is particularly significant as to Category 1 projects. More than 30 days after that Order, Defendants still identify no Category 1 mitigation agreement that has been countersigned and offer no explanation why that action remains withheld. Neither Defendants' status report nor their response explains how that continuing inaction complies with the Court's Order.

Defendants' reliance on a historical 491-day average to process Clearinghouse projects does not help: the Court already rejected the Government's materially identical reliance on a 512-day historical average to process those applications, holding that "practical constraints cannot justify an agency's failure to comply with federal law." Dkt. 125 at 27–28; Dkt. 149 at 3. Historical noncompliance does not excuse present noncompliance. Nor does it address the issue that review of most projects remains paused indefinitely while DoD performs initial "analysis" and negotiates a mitigation agreement with a single non-Plaintiff developer.

Defendants' reliance on Plaintiffs' statement at the preliminary-injunction hearing likewise confirms, rather than undermines, Plaintiffs' position. Defendants quote Plaintiffs as saying they were "not asking for any particular action to be taken by the Government," Dkt. 149 at 3, but omit the immediately following qualification: "except for that which is required by the statute and the regulations." Dkt. 149–1, 58:8–10. Plaintiffs then explained that the relevant status quo was "the status quo that is required by the statute." *Id.* at 58:11–12. That remains Plaintiffs' position: DoD retains its capability to exercise substantive national-security judgment, but it must exercise that judgment through the timely, project-specific process Congress prescribed.

**II. Recent Reporting About the Administration's Willingness to Approve Wind Energy Projects Raises Questions That Warrant Clarification at the Status Conference.**

Recent public reporting indicates that the Administration is considering directing DoD to begin clearing its queue of long-delayed onshore wind projects as part of ongoing negotiations over federal permitting legislation.[1] For example, according to the reporting, the Administration has promised to approve approximately 30 projects that "have a mitigation agreement executed and are just awaiting a countersignature." *Id.* Plaintiffs do not ask this Court to adjudicate, supervise, or interfere with those negotiations, or to treat the reporting as an independent basis for relief. The reporting is nevertheless relevant to a discrete issue already before the Court. Defendants contend that pending projects require reassessment because prior mitigation work was conducted under a "former, outdated analytical framework," and that the steps DoD has taken since the injunction are "necessary" components of resumed review. Dkt. 149 at 4. If DoD can quickly approve the projects with mitigation agreements awaiting countersignature in a deal on permitting reform legislation, it's unclear why they can't quickly approve the projects to comply with the Court's order staying the freeze.

Plaintiffs respectfully submit that Defendants should be prepared at the October 1 status conference to address whether the public reporting concerns projects within the categories identified by the Court, and if so, how the reported proposal relates to the explanations Defendants

---

[1] *See* Josh Siegel, *Trump will green-light wind energy projects to strike permitting deal*, Politico Pro (Sept. 22, 2026); Josh Siegel, *Permitting talks on the brink as frustrations grow*, Politico Pro (Sept. 24, 2026). The Court may take judicial notice of these publications to "indicate what was in the public realm at the time." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010). Copies of both articles are included in the State Intervenors' supplemental notice, Dkt. 150.

have offered for withholding further project-specific action pursuant to the already well-established and robust Clearinghouse process.

Dated: September 29, 2026

Respectfully submitted,

*s/ Michael Giaquinto*

Michael Giaquinto, OSB No. 246342
MORGAN, LEWIS & BOCKIUS LLP
300 South Grand Ave., 22nd Floor
Los Angeles, CA 90071-3132
T: 213-612-7227
michael.giaquinto@morganlewis.com

Jennifer Trock (*pro hac vice*)
Douglas Hastings (*pro hac vice*)
1111 Pennsylvania Ave., NW
Washington, D.C. 20004
T: 202-739-3000
jennifer.trock@morganlewis.com
douglas.hastings@morganlewis.com

Ella Foley Gannon (*pro hac vice*)
600 Montgomery Street
Suite 2300
San Francisco, CA 94111-2725
T: 415-442-1000
ella.gannon@morganlewis.com

*Attorneys for Plaintiffs (except Las Crestas Wind Energy, LLC)*

Darin Sands, OSB No. 106624
BRADLEY BERNSTEIN SANDS LLP
1211 NW Glisan St., Ste 204
Portland, OR 97209
T: +1 503-734-2480
dsands@bradleybernstein.com

Richard W. Smith (*pro hac vice*)

Kathleen Mueller (*pro hac vice*)
SIDLEY AUSTIN LLP
1501 K Street, NW
Washington, D.C. 20005
T: 202-736-8000
rwsmith@sidley.com
kmueller@sidley.com

*Attorneys for Plaintiff Las Crestas Wind Energy, LLC*

**CERTIFICATE OF SERVICE**

The undersigned certifies that, on September 29, 2026, a copy of the foregoing was uploaded to the Court's CM/ECF system, which will effectuate service on all registered counsel in this case.

*s/ Michael Giaquinto*

Michael Giaquinto