**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF OREGON**
**PORTLAND DIVISION**

| | | |
|---|---|---|
| RENEWABLE NORTHWEST, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:26-CV-01092 |
| | § | |
| PETER B. HEGSETH, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**FEDERAL DEFENDANTS' THIRD STATUS REPORT**

On August 6, 2026, the Court directed the Department of War (DoW) to provide status updates every 30 days "addressing whether review of wind energy projects has resumed at each stage of the review process, specifically: (1) projects with a mitigation agreement executed by the developer that are awaiting countersignature by [DoW]; (2) projects that have completed the [Mitigation Response Team (MRT)] process but have not yet received a draft mitigation agreement from [DoW]; (3) projects that were in the middle of the MRT process; (4) projects that have received a notice of presumed risk and are awaiting initial MRT meetings; and (5) projects that are awaiting completion of a preliminary review and issuance of a notice of presumed risk determination or non-objection transmittals to the FAA." Dkt. No. 125 at 35–36.

Federal Defendants hereby file this third status report, which incorporates by reference the latest on the five Categories as provided just yesterday on November 3, 2026, in Federal Defendants' Response in Opposition to Plaintiffs' Motion to Enforce Stay (Dkt. No. 160).

The second declaration of the Honorable Dale Marks ("Marks Declaration"), attached in support of the Response, provides the latest on each of the five Categories. Dkt. No. 160-1. The Marks Declaration provides a timely overview on each of the five Categories, and in similar style as presented in previous status reports. *See id.* ¶¶ u–bb; Dkt. Nos. 144, 153. As directed by this Court in the previous status conference, for purposes of this status report, the Marks Declaration also discussed whether the processing of projects in their respective categories is currently compliant with statutory/regulatory deadlines, to the extent any such deadlines apply.[1] For any projects with unmet deadlines, it reflects the practical realities on the ground, including the Department's longstanding limitations on "manning, funding, and contractor support." Dkt. No. 160-1 ¶ r; *see also id.* ¶¶ s–t. Notwithstanding its need to "balance various operational and personnel demands," "the Department is fully committed to progressing through its review of Clearinghouse projects and to meeting this Court's expectations." *Id.* ¶¶ bb.

Dated: November 4, 2026

Respectfully submitted,

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General

*/s/ Shawn D. Ren*
Shawn D. Ren, Trial Attorney
Texas Bar No. 24132873
U.S. Department of Justice
Energy & Natural Resources Division

[1] There are no statutory/regulatory deadlines applicable to Category 1 or Category 2 projects, as after the 90-day deadline for MRT discussions, there are no deadlines for when a draft mitigation agreement must be shared, or in turn, when countersignature must occur.

999 18th St., N Terrace, Suite 600
Denver, CO 80202
Tel: (202) 598-3141
Fax: (303) 844-1350
E-mail: shawn.ren2@usdoj.gov

*Attorney for Federal Defendants*